```
              UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLUMBIA

BRANDON SAMPLE, et al.,         )
                                )
          Plaintiffs,           )
                                )
     v.                         ) Civil Action No. 06-715 PLF
                                )
FEDERAL BUREAU OF PRISONS,      )
                                )
          Defendant.            )
                                )
```

### DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME, AND MEMORANDUM IN SUPPORT THEREOF

Defendant hereby moves, pursuant to Fed. R. Civ. P. 6(b)(1), for an enlargement of time to respond to Plaintiffs' Complaint in this action up to and including October 11, 2006. Plaintiffs are federal prisoners who provide no telephone number at which they can be reached. Accordingly, they have not been contacted to determine their positions on this motion.[1]

This request is made because the Assistant United States Attorney ("AUSA") assigned primary responsibility in this action intends to file a dispositive motion in this action. But, this cannot be accomplished until he can gathering detailed

---

[1] Local Civil Rule 7.1(m) requires "counsel" to discuss nondispositive motions with "opposing *counsel*." It does not require counsel to discuss those motions with pro se parties. Nonetheless, it has been the general practice of this office to attempt to discuss such motions with nonprisoner pro se parties. This practice is informed by, and consistent with, Local Civil Rule 16.3(a). Local Civil Rule 16.3(a) excludes prisoner pro se parties from the Court's meet-and-confer requirements. Specifically, that Rule requires "[c]ounsel (including any *nonprisoner* pro se party)" to meet and confer prior to a scheduling conference. Local Civil Rule 16.3(a) (emphasis added).

information from the Bureau of Prisons and a Federal Judge in the Southern District of Texas.  Specifically, counsel is in need of one or more declarations from the agency and an indication from the judge who sentenced Richard Painter (see Complaint, ¶¶ 34-36) as to whether the sealing order[2] prohibiting release of the Presentence Report at issue was intended to apply to requests under the Freedom of Information Act.  Such inquiry is called for by the Court of Appeals.  Morgan v. U.S. Dept. of Justice, 923 F.2d 195, 198 (D.C. Cir. 1991) ("We recognize, however, that it may be impossible to determine the scope and effect of the seal from the face of the seal and the circumstances attending its imposition.  Thus in order to meet its burden of proof, the DOJ may need to seek a clarification from the court that issued the seal.").  Defendant has written to the sentencing judge, and is awaiting a response.  Under such circumstances, it would be appropriate to delay consideration of the issue.  Id. ("So long as the DOJ is diligently pursuing such an authoritative interpretation of the seal, the district court would reasonably exercise its discretion by staying its hand, on the government's

---

[2] According to the prosecutor in Mr. Painter's criminal case, it is the practice of the sentencing Court to place all presentence reports under seal.  The Docket sheet in Mr. Painter's Criminal case reflects that the requested presentence report is, in fact, under seal. See United States v. Richard Painter, Case No. 2:01-cr-00190-1 (S.D. Tex., Corpus Christi Div.), Docket entries 35-36, 41, and 68 (indicating that the presentence report and a related document have been placed under seal).

motion, to allow a reasonable period of time for the DOJ to seek a clarification from the court that issued the seal.")

The process of gathering this needed information is ongoing. WHEREFORE, for the reasons identified above, defendant moves for an enlargement of time until October 11, 2006, and asks that the Court enter the attached proposed order.

                        Respectfully submitted,

                        _____
                        KENNETH L. WAINSTEIN, DC Bar #451058
                        United States Attorney

                        _____
                        RUDOLPH CONTRERAS, DC Bar #434122
                        Assistant United States Attorney

                        _____
                        W. MARK NEBEKER, DC Bar #396739
                        Assistant United States Attorney

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Defendant's Motion For Enlargement Of Time, And Memorandum In Support Thereof and a proposed order has been made by mailing copies thereof to:

BRANDON C. SAMPLE
# 33949-037
Federal Satellite Low
2680 Highway 301 South
Jesup, GA  31599

and

BERNARD SHAW
# 59469-004
FCI- Beaumont (Low)
POB 26020
Beaumont, TX  77720-6020

on the 7th day of September, 2006.

---

W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, DC  20530
(202) 514-7230