```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
```

BRANDON SAMPLE, et al.,           )
                                  )
        Plaintiffs,               )
                                  )
    v.                            )  Civil Action No. 06-715 PLF
                                  )
FEDERAL BUREAU OF PRISONS,        )
                                  )
        Defendant.                )
                                  )

## DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME, AND MEMORANDUM IN SUPPORT THEREOF

Defendant hereby moves, pursuant to Fed. R. Civ. P. 6(b)(1), for an enlargement of time to respond to Plaintiffs' Complaint in this action up to and including November 13, 2006. Plaintiffs are federal prisoners who provide no telephone number at which they can be reached. Accordingly, they have not been contacted to determine their positions on this motion.[1]

This request is made because the Assistant United States Attorney ("AUSA") assigned primary responsibility in this action intends to file a dispositive motion in this action. But, this cannot be accomplished until he can gathering information from

---

[1] Local Civil Rule 7.1(m) requires "counsel" to discuss nondispositive motions with "opposing *counsel*." It does not require counsel to discuss those motions with pro se parties. Nonetheless, it has been the general practice of this office to attempt to discuss such motions with nonprisoner pro se parties. This practice is informed by, and consistent with, Local Civil Rule 16.3(a). Local Civil Rule 16.3(a) excludes prisoner pro se parties from the Court's meet-and-confer requirements. Specifically, that Rule requires "[c]ounsel (including any *nonprisoner* pro se party)" to meet and confer prior to a scheduling conference. Local Civil Rule 16.3(a) (emphasis added).

the Bureau of Prisons and a Federal Judge in the Southern District of Texas.  Specifically, counsel is in need of at least one declaration from the agency and an indication from the judge who sentenced Richard Painter (see Complaint, ¶¶ 34-36) as to whether the sealing order[2] prohibiting release of the Presentence Report at issue was intended to apply to requests under the Freedom of Information Act.[3]  Defendant has written to the sentencing judge on two occasions, September 7, 2006, and October 2, 2006, seeking this information.  Counsel for defendant has been advised that the judge in Texas has recently started a trial, which may account for some of the delay in a response.  Under such circumstances, it would be appropriate to delay consideration of the issue.  Id. ("So long as the DOJ is diligently pursuing such an authoritative interpretation of the seal, the district court would reasonably exercise its discretion

---

[2] According to the prosecutor in Mr. Painter's criminal case, it is the practice of the sentencing Court to place all presentence reports under seal.  The Docket sheet in Mr. Painter's Criminal case reflects that the requested presentence report is, in fact, under seal. See United States v. Richard Painter, Case No. 2:01-cr-00190-1 (S.D. Tex., Corpus Christi Div.), Docket entries 35-36, 41, and 68 (indicating that the presentence report and a related document have been placed under seal).

[3] Such inquiry is called for by the Court of Appeals. Morgan v. U.S. Dept. of Justice, 923 F.2d 195, 198 (D.C. Cir. 1991) ("We recognize, however, that it may be impossible to determine the scope and effect of the seal from the face of the seal and the circumstances attending its imposition.  Thus in order to meet its burden of proof, the DOJ may need to seek a clarification from the court that issued the seal.").

by staying its hand, on the government's motion, to allow a reasonable period of time for the DOJ to seek a clarification from the court that issued the seal.")

The process of gathering this needed information is ongoing. WHEREFORE, for the reasons identified above, defendant moves for an enlargement of time until November 13, 2006, within which to answer or otherwise respond to the Complaint.

                        Respectfully submitted,

_____
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney

_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney

_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that service of the foregoing Defendant's Motion For Enlargement Of Time, And Memorandum In Support Thereof and a proposed order has been made by mailing copies thereof to:

BRANDON C. SAMPLE
# 33949-037
Federal Satellite Low
2680 Highway 301 South
Jesup, GA  31599

and

BERNARD SHAW
# 59469-004
FCI- Beaumont (Low)
POB 26020
Beaumont, TX  77720-6020

on the 11th day of October, 2006.

_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, DC  20530
(202) 514-7230