UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRANDON SAMPLE, et al.,          )
                                 )
            Plaintiffs,          )
                                 )
      v.                         ) Civil Action No. 06-715 PLF
                                 )
FEDERAL BUREAU OF PRISONS,       )
                                 )
            Defendant.           )
_____)

DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME,
AND MEMORANDUM IN SUPPORT THEREOF

Defendant hereby moves, pursuant to Fed. R. Civ. P. 6(b)(1),

for an enlargement of time to respond to Plaintiffs' Amended

Complaint in this action up to and including February 6, 2007.

Plaintiffs are federal prisoners who provide no telephone number

at which they can be reached.  Accordingly, they have not been

contacted to determine their positions on this motion.[1]

This request is made because the Assistant United States

Attorney ("AUSA") assigned primary responsibility in this action

had nearly completed a dispositive motion in the case when, in

November 2006, Plaintiffs amended the complaint to add five

_____

[1] Local Civil Rule 7.1(m) requires "counsel" to discuss
nondispositive motions with "opposing *counsel*."  It does not
require counsel to discuss those motions with pro se parties.
Nonetheless, it has been the general practice of this office to
attempt to discuss such motions with nonprisoner pro se parties.
This practice is informed by, and consistent with, Local Civil
Rule 16.3(a).  Local Civil Rule 16.3(a) excludes prisoner pro se
parties from the Court's meet-and-confer requirements.
Specifically, that Rule requires "[c]ounsel (including any
*nonprisoner* pro se party)" to meet and confer prior to a
scheduling conference.  Local Civil Rule 16.3(a) (emphasis
added).

counts under the Freedom Of Information Act ("FOIA") to the original eight-count complaint, including claims against a new defendant agency, the Department of State.  Since that filing, counsel has garnered the assistance of an attorney with the Department of State, who has initiated the process for gathering and/or preparing the needed exhibits required to file a dispositive motion in the case.  However, there has not yet been sufficient time to complete this process, and agency counsel estimates that this will require much of this month.  In addition, undersigned counsel must prepare several filings in other cases and has been called upon to participate in numerous depositions in a three-year-old case into which a federal defendant was recently added.  Counsel's need to familiarize himself with the boxes of discovery in that case in a few weeks has taken time away from the completion of the dispositive motion in this case.

WHEREFORE, Defendants move for an enlargement of time until

February 6, 2007, within which to respond to the Amended

Complaint.

                              Respectfully submitted,


                              _____
                              JEFFREY A. TAYLOR, DC Bar #498610
                              United States Attorney


                              _____
                              RUDOLPH CONTRERAS, DC Bar #434122
                              Assistant United States Attorney


                              _____
                              W. MARK NEBEKER, DC Bar #396739
                              Assistant United States Attorney

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that service of the foregoing Defendant's

Motion For Enlargement Of Time, And Memorandum In Support Thereof

and a proposed order has been made by mailing copies thereof to:

BRANDON C. SAMPLE
# 33949-037
Federal Satellite Low
2680 Highway 301 South
Jesup, GA  31599

and

BERNARD SHAW
# 59469-004
FCI- Beaumont (Low)
POB 26020
Beaumont, TX  77720-6020

on the 10th day of January, 2007.

_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, DC  20530
(202) 514-7230