IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA

BRANDON C. SAMPLE, §

and §

BERNARD SHAW, §

v. § No. 06-715

FEDERAL BUREAU OF PRISONS, §

and §

U.S. DEPARTMENT OF STATE. §

RECEIVED
JAN 18 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MOTION FOR LEAVE TO AMEND

The undersigned Plaintiffs, Brandon Sample and Bernard Shaw, respectfully request leave to amend their complaint in order to add Count 14, which alleges, in pertinent part, that the Bureau of Prisons is in noncompliance with the Freedom of Information Act's (FOIA) requirement that (1) agencies make available certain records created on or after November 1, 1996, via computer telecommunication means, see 5 U.S.C. § 552(a)(2)(A)-(C), and (2) FOIA's separate requirement that agencies make "reasonable efforts" to maintain their records in forms or formats that are reproducible for the purpose of" that section. 5 U.S.C. § 552(a)(3)(B). See Attachment. The need for this proposed amendment is predicated on the following.

Shortly after the Plaintiffs filed their first amended complaint, the Bureau of Prisons notified Plaintiff Sample that it was unable to produce, in electronic form, the administrative remedy responses that are the subject of

Count Twelve of the Plaintiff's first amended complaint. According to the Bureau, these records cannot be produced in electronic form because they are not maintained in that format. However, this assertion, which the Plaintiffs reasonably believes to be true, poses two problems that are not contemplated by the first amended complaint: (1) count 12 does not allege a failure to "maintain" these records in electronic format; and (2) even if it did, this Court would be powerless under FOIA to order the maintenance of these records in electronic format. <u>Kennecott Utah Copper v. U.S. Dept. of Interior</u>, 88 F.3d 1191, 1203 (D.C. Cir. 1996) (FOIA only authorizes courts to order the "production" of agency records, not "publication" (or in this case "maintenance" of records in electronic form)). Thus, the need for a second amendment requesting an order under 5 U.S.C. § 706(1) and the Mandamus and Venue Act of 1962, 28 U.S.C. § 1361, directing the Bureau to maintain these records in electronic form. <u>Kennecott</u>, at 1203 (leaving open whether the APA or mandamus allows a district court to order the "publication" of records based on a violation of FOIA).

Furthermore, after further review of the matter, it was determined that the Bureau's failure to comply with FOIA's 1996 "e-amendments" is much more widespread. For instance, the Bureau fails, almost entirely, to (1) make certain records available via computer telecommunications means as required by 5 U.S.C. § 552(a)(2)(A)-(C), and (2) undertake "reasonable efforts" to maintain its records in electronic form for the purpose of responding to requests for records

in electronic format. Through their second amended complaint, the Plaintiffs seek to address these related issues of law and fact in one fell swoop.

It is well settled that leave to amend shall be freely given when justice so requires. Fed.R.Civ.P.15(a). Here, the Plaintiffs have not tarried in seeking their amendment, the amendment is solidly meritorious, and the Bureau will not be prejudiced. Indeed, the Bureau has yet to even respond to the Plaintiff's first amended complaint. Moreover, in order to alleviate any concerns that this latest request for leave to amend is but one of many more to come, the undersigned plaintiffs expressly represent that no further amendments to their complaint will be sought.

Wherefore, premises considered, Plaintiffs respectfully request that their motion for leave to amend be granted.

Respectfully submitted,

*Brandon Sample*
Brandon Sample #33949-037
2680 Highway 301 South
Jesup, Georgia 31599

Bernard Shaw # 59469-004
P.O. BOX 26020
Beaumont, Texas 77720-6020

## CERTIFICATE OF SERVICE

I declare under penalty of perjury that a true and correct copy of the foregoing "Motion For Leave to Amend" was provided to prison officials this 12th day of January, 2007, with first-class postage affixed, for delivery to the following:

Mr. W. Mark Nebeker
555 Fourth Street, N.W.
Washington, DC 20530

                                                  Brandon Sample