IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRANDON C. SAMPLE, | § |
| and | § |
| BERNARD SHAW, | § |
| v. | §    No. 06-715 |
| FEDERAL BUREAU OF PRISONS, | § |
| and | § |
| U.S. DEPARTMENT OF STATE. | § |

**SECOND AMENDED COMPLAINT**

1. Paragraphs 1-50 of the Plaintiff's first amended complaint are hereby reincorporated as fully set forth herein.

**Count Fourteen**

51. Under FOIA, the BOP is required to make available through computer telecommunications means the following records created on or after November 1, 1996:

    (A) final opinions, including concurring and dissenting opinions, as well as orders, made in the adjudication of cases;

    (B) those statements of policy and interpretations which have been adopted by the agency and are not published in the Federal Register;

    (C) administrative staff manuals and instructions to staff that affect a member of the public.

See 5 U.S.C. § 552(a)(2)(A)-(C); 28 C.F.R. § 16.2(c). Examples of such records include: (1) administrative remedy responses from the BOP's various institutions, Regional Offices, and Central Office; (2) Disciplinary Hearing Officer reports; (3) Unit Discipline Committee reports; (4)

"program review" reports as described in Program Statement 5322.11, <u>Classification and Program Review of Inmates</u>; (5) Segregation Review Official reports; (6) written decisions made by the Hearing Administrator regarding an inmate's placement in a control unit as described in 28 C.F.R. § 541.44, (7) written decisions by the Executive Panel to either accept or reject a recommendation made by the Hearing Administrator concerning an inmate's placement in a control unit; (8) decisions to accept, reject, compromise, or settle a claim under the Federal Tort Claims Act; (9) decisions made by the Utilization Review Committee, whether at the institution, Regional, or Central Office level, concerning the provision of medical care to inmates; (10) decisions, whether at the institution, Regional, or Central Office level, regarding the grant or denial of an inmate's request for compassionate release under the regulations set forth at 28 C.F.R. §§ 571.60 - 571.64; (11) decisions to either grant or deny a request for information under the Freedom of Information Act; (12) decisions to grant or deny an inmate's request for compensation under the Inmate Accident Compensation Program; and (13) all memorandums and other internal documents that either interpret or implement Bureau policy including, but not limited to, Admission and Orientation handbooks.

53. Nevertheless, the BOP does not make any of these records available through computer telecommunications means. In order to remedy this failure, Plaintiffs request an order under 5 U.S.C. § 706(1), or a writ of mandamus under 28

U.S.C. § 1361, directing the BOP to make available all of the foregoing records created on or after November 1, 1996, through computer telecommunications means.

54. Separately, FOIA requires the BOP to "make reasonable efforts to maintain its records in forms or formats that are reproducible for the purposes of this section." 5 U.S.C. § 552(a)(3)(B). However, instead of making "reasonable efforts" to maintain its records in forms or formats that are reproducible for the purposes of this section, the BOP does the opposite -- it makes "no efforts."

55. For instance, approximately 99 percent of all documents generated by the BOP are created using software such as Word Perfect, Microsoft Word, Microsoft Excel, or Microsoft Access. However, instead of maintaining an electronic copy of these records, the BOP, with the exception of only a few documents, destroys all electronic versions of its records after reducing them to paper form. Later, when confronted with a request for records in electronic format, the BOP denies the request on the basis that the requested records are not "maintained" in electronic form. Such a situation recently transpired between Plaintiff Sample and the BOP.

56. Specifically, after filing of the amended complaint, the BOP denied Sample's request for various administrative remedy responses in electronic format on the basis that these records were not maintained in electronic form. However, these records are no longer maintained in electronic form solely because the BOP destroyed their electronic copy of these records after reducing them to

paper form.

57. The BOP's failure to maintain an electronic copy of records that are created in electronic form violates FOIA's requirement that agencies undertake "reasonable efforts" to maintain records in forms or formats reproducible for the purpose of that section. 5 U.S.C. § 552(a)(3)(B). Accordingly, the Plaintiffs respectfully request an order under 5 U.S.C. § 706(1), or a writ of mandamus, directing the BOP to henceforth make "reasonable efforts" to maintain its records that are created on a computer in electronic form. This can be easily accomplished by either saving records to disk, or by storing them on a hard drive.

**Relief Requested**

58. In addition to the relief already specially requested, the Plaintiffs respectfully request costs, attorney's fees, and such other relief as the Court may see fit.

Respectfully submitted,

*/s/ Brandon Sample*
Brandon Sample #33949-037
2680 Highway 301 South
Jesup, Georgia 31599

*/s/ Bernard Shaw*
Bernard Shaw #59469-004
P.O. BOX 26020
Beaumont, TX 77720-6020