```
              UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLUMBIA

BRANDON SAMPLE, et al.,         )
                                )
          Plaintiffs,           )
                                )
     v.                         ) Civil Action No. 06-715 PLF
                                )
FEDERAL BUREAU OF PRISONS,      )
                                )
          Defendant.            )
                                )
```

## RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND MOTION FOR ENLARGEMENT OF TIME

Plaintiffs have previously amended the complaint in this action, extending it from an Eight-Count complaint against the Federal Bureau of Prisons ("BOP") to a Thirteen-Count Amended Complaint against BOP and the U.S. Department of State. Plaintiffs now seek to amend the Complaint once again, to add a claim by Mr. Sample challenging BOP's method for storing 13 categories of documents, apparently flowing from Mr. Sample's unsuccessful attempts to secure certain documents in the first category (administrative remedy responses) in electronic format that are not maintained in that format. See Proffered Second Amended Complaint at 1-2. The BOP is still investigating whether the claim sought to be added in the Second Amended Complaint (proffered Count Fourteen) has been fully and properly exhausted and whether some or all of the issues sought to be added were or could have been resolved in Mr. Samples' earlier action such that res judicata applies. See Sample v. Bureau of Prisons, 466 F.3d 1086, 1089 (D.C. Cir. 2006) ("Sample argues that BOP not only

must provide the records in electronic format, but also must facilitate Sample's ability to access them in the requested format.") (appeal of Civil Action No. 03-805 CKK).  Some additional time will be needed to investigate these and other issues in the case.  Nevertheless, Defendants do believe that there are sufficient similarities with Civil Action No. 03-805 CKK and the allegations in the proffered Second Amended Complaint that, if it is filed, this case will be related to Civil Action No. 03-805 CKK within the meaning of Local Civil Rule 40.5(a)(4).[1]

    Finally, Plaintiffs' belated addition of claims involving the Department of State has not afforded the Department of State sufficient time to gather and process Mr. Sample's Freedom of Information Act request to it.  The agency has recently located a file and intends to process the documents for release to plaintiff, but has indicated that additional time will be needed.

---

[1] Local Civ. R. 40.5(a)(4) deems related those cases where a case is dismissed and a second case is filed involving the same parties and relating to the same subject matter.  The Complaint in <u>Sample</u> v. <u>Bureau of Prisons</u>, Civil Action No. 03-805 CKK, included claims that Mr. Sample was entitled to electronic copies of BOP's "internet home page and other links at www.bop.gov," as well as "the index of all administrative remedies filed by each plaintiff in the form or format of an electronic file."  <u>See</u> Complaint in Civil Action No. 03-805 CKK, ¶ 8.  The proffered Second Amended Complaint seeks to compel BOP to keep in electronic format various categories of documents, including "administrative remedy responses" some of which were denied to Ms. Sample in electronic format, and "all memorandums and other internal documents that either interpret or implement Bureau policy. . .",  Proffered Second Amended Complaint, ¶¶ 51, 56.

Defendants therefore ask for 30 days from service of the Second Amended Complaint as contemplated in Local Civ. R. 15.1 (or 30 days from denial of Plaintiffs' Motion For Leave To Amend, if the motion is denied), within which to file a dispositive motion in response to plaintiffs' pleadings. See Fed. R. Civ. P. 6(b)(1).[2]

---

[2] Plaintiffs are federal prisoners who provide no telephone number at which they can be reached. Accordingly, they have not been contacted to determine their positions on this request for an enlargement of time. Local Civil Rule 7.1(m) requires "counsel" to discuss nondispositive motions with "opposing *counsel*." It does not require counsel to discuss those motions with pro se parties. Nonetheless, it has been the general practice of this office to attempt to discuss such motions with nonprisoner pro se parties. This practice is informed by, and consistent with, Local Civil Rule 16.3(a). Local Civil Rule 16.3(a) excludes prisoner pro se parties from the Court's meet-and-confer requirements. Specifically, that Rule requires "[c]ounsel (including any *nonprisoner* pro se party)" to meet and confer prior to a scheduling conference. Local Civil Rule 16.3(a) (emphasis added).

WHEREFORE, for the reasons identified above, defendants propose that the Court enter an order consistent with the attached proposed order.

                              Respectfully submitted,

_____
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney


_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney


_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that service of the foregoing Defendant's Response To Plaintiff's Motion For Leave To Amend And Motion For Enlargement Of Time, and a proposed order has been made by mailing copies thereof to:

BRANDON C. SAMPLE
# 33949-037
Federal Satellite Low
2680 Highway 301 South
Jesup, GA  31599

and

BERNARD SHAW
# 59469-004
FCI- Beaumont (Low)
POB 26020
Beaumont, TX  77720-6020

on the 1st day of February, 2007.

 

W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, DC  20530
(202) 514-7230