UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRANDON SAMPLE, ET AL.,          §
v.                                §    Civil No. 06-715 (PLF)
FEDERAL BUREAU OF PRISONS.        §

**PLAINTIFF'S REPLY TO DEFENDANT'S**
**RESPONSE TO MOTION FOR LEAVE TO AMEND**

RECEIVED
FEB 8 - 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

The government agrees that the Plaintiff's motion for leave to amend should be granted. See Response at proposed order. Nevertheless, the government curiously requests that this entire action, as amended, be transferred to the Judge Kollar-Kotelly's docket because this case is purportedly "related" to Sample's prior action in Sample v. Bureau of Prisons, No. 03-805. Response at 1-2. For the following reasons, the Plaintiff's motion for leave to amend should be granted, and the Defendant's request for transfer should be denied.

In support of their argument that this case should be transferred to Judge Kollar-Kotelly as "related" to Civil Action No. 03-805, the government relies upon Local Civil Rule 40.5(a)(4) which provides, in relevant part, that "cases whether criminal or civil ... shall be deemed related where a case is **dismissed**, with prejudice or without, and a second case is filed involving the same parties and relating to the same subject matter." Local Civil Rule 40.5(a)(4) (emphasis added). This rule, however, has absolutely no applicability to this case because there has been no dismissal of Sample's

claims in Civil Action No. 03-805. Rather, following an appeal in the case, the Court of Appeals reversed and remanded the matter with instructions to enter judgment in favor of Sample. See Sample v. Bureau of Prisons, 466 F.3d 1086, 1089 (D.C. Cir. 2006). While Judge Kollar-Kotelly has yet to enter judgment consistent with the D.C. Circuit's mandate, it is clear that there has never been, nor will there ever be, a dismissal in the case. Accordingly, the government's request for transfer based on Local Civil Rule 40.5(a)(4) should be denied.[1]

Wherefore, premises considered, the Plaintiffs respectfully request that their motion for leave to amend be granted, and that the Defendant's motion for transfer be denied.

Respectfully submitted,

Brandon Sample #33949-037
Federal Satellite Low
2680 Highway 301 South
Jesup, Georgia 31599

---

[1] In addition to their assertion of relatedness, the government argues that the Plaintiff's proposed second amended complaint may be barred by res judicata. Plaintiffs think not. First, the claims raised in Civil Action No. 03-0805 are not based on the same "nucleus of facts." Drake v. F.A.A., 291 F.3d 59, 66-67 (D.C. Cir. 2002). Rather, in Sample I, Sample not only sought the disclosure of different records, but the records there were maintained in electronic format. Here, by contrast, the second amended complaint seeks an order requiring the "maintenance" of records in electronic format. Moreover, res judicata has no bearing on this case because the facts that are the subject of the second amended complaint did not occur until after the resolution of Sample I. Drake, 291 F.3d at 66.

## CERTIFICATE OF SERVICE

I declare under penalty of perjury that a true and correct copy of the foregoing was provided to prison officials this 5th day of February, 2007, with first-class postage affixed, for delivery to the following:

W. Mark Nebeker
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, DC 20530

Bernard Shaw #59469-004
P.O. BOX 26020
Beaumont, TX 77720-6020

_____
BRANDON SAMPLE