UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Brandon Sample, et. al,            )
                                   )
        Plaintiff,                 )
                                   )
v                                  )     Civil Action No. 06-cv-715
                                   )
Bureau of Prisons, et al.,         )
                                   )
        Defendants.                )
                                   )
_____)

# DECLARATION OF RON HILL

I, Ron Hill, do hereby declare and state the following:

1. I am the Administrator for the Federal Bureau of Prisons (Bureau), Freedom of Information Act/Privacy Act (FOIA/PA) Section, in the Bureau's Office of General Counsel. In this position, I have access to the records of requests made under the FOIA/PA, including the database used to track such requests. I base this declaration on my review of those records and on my knowledge of the processing of FOIA/PA requests within the Bureau.

2. A review of the database reveals that Plaintiff, Brandon Sample, Reg. No. 33949-037, has filed 27 FOIA requests with the Bureau. I have reviewed those requests that have been raised in this complaint.

3. On August 16, 2006, the Bureau's FOIA Office received two letters from Brandon Sample. In one, he requested three-years of Administrative Remedy Index information. This request was assigned Request Number 2006-09273. In this letter, Sample did not request the Index documents in any specific format. In the other, he requested 98 separate individual Administrative Remedy Responses in an electronic format. This request was assigned Request Number 2006-09274. He indicated in his request that since these documents were drafted using a word processing program, the draft versions of these documents are maintained as an electronic copy by the Bureau and available under FOIA. His assumption about the maintenance of draft copies was incorrect as discussed below. Attached hereto as Exhibit 1 is a True and accurate copy of these FOIA request letters.

4. Due to the related nature of these requests and the dates they were received, Sample's requests were aggregated as one request pursuant to 28 C.F.R. §16.11(h). Sample's aggregated requests were responded to on November 27, 2006. Attached hereto as Exhibit 2 is a true and correct copy of the November 27, 2006 response.

5. In the November 27, 2006 response, Sample was advised that in response to his request for the index, 166 pages of documents were copied. Even though he had not asked for these in an electronic format, the response explained that they could not be reasonably saved and reproduced in an electronic format. This was based on the fact the indexes are maintained on the Bureau's SENTRY database, which, if copied without the SENTRY Software, cannot be read, and cannot be electronically converted to another format using

2

a simple save-as feature. The only method to electronically convert the data to another electronic format would be to electronically highlight and copy the data on each single page from a computer screen, go to another computer format and paste the page. Considering Sample did not ask for these documents in an electronic format, and the amount of work involved, it was not considered reasonable to save and reproduce in an electronic format.

6. In response to his requests for Administrative Remedy Responses, he was advised they are not maintained in any electronic format and that only "hard copies" of these responses are available. The processing of these documents would require an estimated search time of 8 hours and the duplication of an estimated 264 pages. He was advised if he agreed to pay the estimated $198.40 search and duplication costs for his aggregated requests, the hard copies of these documents would be mailed to him. Finally, Sample was advised that until he agreed to pay this fee no further action would be taken.

7. While the Administrative Remedy Response records are maintained in paper format in the ordinary course of business by the Administrative Remedy Office, should Sample wish for them to be duplicated by that office, he will need to indicate his willingness to pay the fee required to process them. Due to the fact that these documents could require the redaction of personal identifiers and other personal information on third parties, once the hard copies were received in the FOIA Office, those documents needing redaction would be scanned into an electronic format as an ordinary course of business for FOIA

3

processing. At that point, the documents could be reasonably provided in an electronic format (PDF). The estimated search fee for this request would then be $182.

8. Due to the passage of time and in a good faith effort to be responsive, the Bureau, in this case only, will waive the search fee for the responses, and provide them in electronic format. For the Index, the Bureau will also take the extra steps necessary to put print out the index in paper format and put the documents into an electronic format. They will be forwarded to him immediately upon completion. It should be noted that while hard copies of some SENTRY records are capable of being printed and scanned, and thereby produced in an electronic PDF format is not an indication that the BOP has the ability to readily produce any and all such records in an electronic format.

9. On December 18, 2006, the Bureau's FOIA Office received requests from Sample wherein he sought to have 11 types of Bureau records be placed on the Department of Justice website and for a copy of the current subject matter index of the Bureau's reading room records. These requests were assigned request number 2007-02061. Attached hereto as Exhibit 3, is a true an accurate copy of Samples request letters.

10. On March 29, 2007, the Bureau's FOIA Office responded by advising Sample that the processing of his request for the subject matter index required the duplication of 312 pages and that he must now submit payment in the amount of $21.20 for the duplication cost. This fee was assessed in accordance with 28 C.F.R. §16.11, which requires

4

payment of 10 cents per page, after the first 100 pages, which are provided free of charge.

11. Sample was also advised in this response that his request to have certain Bureau records placed on the Department of Justice website was not a FOIA request for access to agency records. Instead, it was a request to have records placed on a website. His request was denied as the records did not meet the definition for records that required posting on the Internet. Attached hereto as Exhibit 4, is a true and accurate copy of the March 29, 2007 response letter.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 16 day of May 2007.

Ron Hill

FOIA/PA Administrator

Federal Bureau of Prisons

August 10, 2006

Mrs. Maureen Ward
Federal Bureau of Prisons
Room 841 HOLC Building
320 First St. N.W.
Washington, DC 20534

Dear Mrs. Ward:

In accordance with the provisions of the Freedom of Information Act, I request that I be provided with copies of the following:

(1) Sanitized Administrative Remedy Indexes from each Regional Office and the Central Office for the past three years. When running the SENTRY administrative remedy retrieval transaction, please limit your search to grievances that have been granted. "CLG" is the abstract for granted appeals. DO NOT SEND ME COPIES OF INDEXES THAT INCLUDE EVERY GRIEVANCE THAT'S BEEN REJECTED, GRANTED, OR DENIED. If you cannot, or do not know how to retrieve the records as requested, please notify me of same before taking further action.

I agree to pay up to $25.00 in the processing of this request.

Sincerely,

Brandon Sample #33949-037
Federal Satellite Low
2680 Highway 301 South
Jesup, GA 31599

RECEIVED
AUG 16 2006
FOIA/PA SECTION
FEDERAL BUREAU OF PRISON

Exhibit 1

August 9, 2006

Mr. Wilson J. Moorer
Federal Bureau of Prisons
Room 841 HOLC Building
320 First St. N.W.
Washington, DC 20534

RECEIVED
AUG 1 6 2006
FOIA/PA SECTION
FEDERAL BUREAU OF PRISON

Dear Mr. Moorer:

In accordance with 5 U.S.C. § 552(a)(3)(B), I request that the Federal Bureau of Prisons provide me with the following records in the form or format of read-only electronic media (e.g., CD-ROM, disk, etc...):

    (1) Each administrative remedy response for the attached list of administrative remedy case numbers

I remind you that 5 U.S.C. § 552(a)(3)(B) requires that: "[e]ach agency shall make reasonable efforts to maintain its records in forms or formats that are reproducible for purposes of this section." Given that all administrative remedy responses are created in electronic format, (e.g., on a computer program such as Microsoft Word or WordPerfect), the "reasonable efforts" language of section 552(a)(3)(B), dictates that the BOP retain an electronic copy of each administrative remedy response, either on disk or in a centralized computer database similar to SENTRY. If the BOP is not already doing so, then I strongly suggest that you begin to do so immediately.

Finally, I realize that you will not provide me with records in electronic format due to your misconstruction of the E-FOIA amendments. Nevertheless, I expect the D.C. Circuit to overrule your construction of the statute in Sample v. Bureau of Prisons, No. 05-5038. You may elect to delay your response to this request until the court's decision.

I agree to pay up to $50.00 in the processing of this request.

Sincerely,

Brandon Sample
Brandon Sample #33949-037
Federal Satellite Low
2680 Highway 301 South
Jesup, GA 31599

| | |
|---|---|
| 378699 - A1 | 369591 - A1 |
| 368694 - A2 | 374973 - A1 |
| 376501 - A1 | 373479 - A1 |
| 369076 - A2 | 375557 - A1 |
| 370390 - A1 | 372569 - A1 |
| 374472 - A1 | 369626 - A1 |
| 368178 - A3 | 375990 - A1 |
| 371094 - A1 | 375989 - A1 |
| 373126 - A2 | 372089 - A1 |
| 371360 - A1 | 373305 - A1 |
| 371343 - A1 | 371699 - A2 |
| 369577 - A2 | 373320 - A2 |
| 376846 - A1 | 370344 - A3 |
| 371924 - A2 | 374441 - A1 |
| 361225 - A3 | 373851 - A1 |
| 374513 - A1 | 364990 - A5 |
| 369391 - A2 | 375630 - A1 |
| 369575 - A2 | 374599 - A1 |
| 369573 - A1 | 372072 - A2 |
| 376280 - A1 | 379170 - A1 |
| 373103 - A1 | 379174 - A1 |
| 373783 - A1 | 376449 - A1 |
| 375723 - A1 | 370214 - A3 |
| 376861 - A1 | 376639 - A1 |
| 373617 - A1 | 368696 - A38 |

| | |
|---|---|
| 379 824 - A1 | 376 359 - A1 |
| 373 654 - A1 | 372 260 - A1 |
| 366 112 - A3 | 380 565 - A1 |
| 350 495 - A4 | 371 170 - A2 |
| 315 222 - A1 | 369 494 - A1 |
| 375 694 - A2 | 375 209 - A2 |
| 379 830 - A1 | 369 938 - A4 |
| 367 205 - A5 | 369 066 - A4 |
| 373 289 - A3 | 372 774 - A1 |
| 373 240 - A2 | 372 554 - A1 |
| 376 367 - A2 | 377 359 - A2 |
| 375 229 - A1 | 369 585 - A3 |
| 373 505 - A2 | 372 881 - A1 |
| 374 283 - A1 | 379 174 - A2 |
| 376 282 - A1 | 369 125 - A3 |
| 380 850 - A1 | 381 792 - A1 |
| 373 971 - A3 | 378 579 - A3 |
| 376 364 - A2 | 377 333 - A1 |
| 370 365 - A2 | 346 596 - A3 |
| 372 236 - A3 | 372 847 - A3 |
| 375 235 - A2 | 377 948 - A1 |
| 373 778 - A1 | 379 019 - A1 |
| 374 640 - A1 | 376 570 - A2 |
| 374 974 - A1 | 378 132 - A1 |



U.S. Department of Justice

Federal Bureau of Prisons

NOV 27 2006

Washington, DC 20534

Brandon Sample
Reg. No. 33949-037
FCI Jesup
2680 Highway 301 South
Jesup, GA 31599

For Further Inquiry Contact:
Federal Bureau of Prisons
320 First Street. N.W.
Room 738, HOLC Building
Washington, D.C. 20534

RE: Freedom of Information Request No. 2006-09273
    Freedom of Information Request No. 2006-09274

Dear Mr. Sample:

This is in response to your above noted requests pursuant to the Freedom of Information Act (FOIA). Specifically, you request three years of Administrative Remedy Indexes (FOIA Request No. 2006-09273) and responses to 98 separate Administrative Remedy Appeals (FOIA Request No. 2006-09274). Additionally, you request these documents be provided to you in electronic format - computer disc.

It is noted that pursuant to 28 C.F.R. §542.19 and Program Statement 1330.13, <u>Administrative Remedy Program</u>, §14, individuals may request copies of both Administrative Remedy indexes and individual responses through FOIA. Furthermore, it is noted "Copies of indexes or responses. . . may be purchased in accordance with the regular fees established for copies furnished under the Freedom of Information Act (FOIA)." <u>Id</u>. Since both of your requests deal with documents generated through the Administrative Remedy Program, and access to these documents is covered by the above noted regulation, they appear to be reasonably related. Accordingly, based on the dates of your requests and parallel nature of these requests, they are being aggregated as one request pursuant to 28.C.F.R. §16.11(h).

Regarding your request for Administrative Remedy Indexes, this portion of your aggregate request produced 166 pages of responsive documents. Additionally, the computer search time necessary to generate these lists required 30-minutes by a professional staff member. These indexes are only made available for review and inspection in hard copy format; they cannot be reasonably saved and reproduced in electronic format.

Exhibit 2

Contrary to your assumptions, copies of Administrative Remedy responses are not maintained or stored in electronic format. Therefore, in order to process your request for specific agency level responses will require the search, retrieval and duplication of "hard copies. Therefore, provided you pay the necessary search and duplications fees, hard copies of the documents you seek will be mailed to you.

In response to this portion of your aggregated request for responses to 98 separate agency level Administrative Remedy Appeals, additional duplication and search time will be required. Provided each response is only one page in length this will necessitate one page duplication for each response. Therefore, the total page count for this aggregate request is 264 pages. Finally, searching for these Administrative Remedy Responses has been estimated to require an additional eight hours of search time. This search will be preformed by a member of our professional staff.

In accordance with Department of Justice Regulations, we are required to charge .10 cents per page for all pages in excess of the first 100 pages. Searches conducted by professional personnel are charged at the rate of $7 per quarter hour of search time, beyond the initial 2 hours. See 28 C.F.R. §16.11. Therefore, to total estimated search time required to process this aggregate request is 8½ hours.

The duplication and search fee for the specific documents you request is approximately $198.40. In accordance with 28 C.F.R. § 16.11(e), before we begin processing your request, you must indicate your willingness to pay this fee. Also, in accordance with 28 C.F.R. § 16.11(e), until you agree to pay the anticipated total fee this request will not be considered as received and no further action will be taken.

Please reference the above-listed request number in future correspondence concerning this request. If you have any questions or concerns please contact Wm E. Baumgartel, Senior Paralegal Specialist.

Sincerely,

Wanda M. Hunt
Chief, FOIA/PA Section

cc: File

December 8, 2006

Mr. William Baumgartel
Senior Paralegal Specialist
FOIA/PA Section
320 First St. N.W.
Room 738, HOLC Building
Washington, DC 20534



Dear Mr. Baumgartel:

In accordance with the provisions of the Freedom of Information Act, I request that the Bureau provide me with a copy of its most "current subject-matter index of its reading room records." See 28 C.F.R. § 16.2(a). Thank you.

Sincerely,

Brandon Sample #33949-037
Federal Satellite Low
2680 Highway 301 South
Jesup, Georgia 31599

Exhibit 3

December 8, 2006

Mr. William Baumgartel
Senior Paralegal Specialist
FOIA/PA Section
320 First St. N.W.
Room 738, HOLC Building
Washington, DC 20534



Dear Mr. Baumgartel:

In accordance with 5 U.S.C. § 552(a)(2)(A), I request that the Bureau of Prisons make available electronically the following records at the Department of Justice's World Wide Web site (which can be found at http://www.usdoj.gov), through the use of the Department's "Freedom of Information Act Home Page." See generally 28 C.F.R. § 16.3(c). Under section 552(a)(2)(A), the Bureau is required to make available electronically, all "final opinions, including concurring and dissenting opinions, as well as orders, made in the adjudication of cases" that were created on or after November 1, 1996. 5 U.S.C. § 552(a)(2)(A).

Records Sought To Be Made Available At The DOJ's FOIA Home Page

1. All Administrative Remedy Responses, which includes responses by the Bureau at the institution, Regional, and Central Office level, for the past three years. These records constitute either "final opinions" or "orders" in the adjudication of cases. (these records may also fall under 5 U.S.C. § 552(a)(2)(B) because they involve "interpretations which have been adopted by the agency and are not published in the Federal Register").

2. All Disciplinary Hearing Officer and Unit Discipline Committee reports created on or after January 1, 1998. These records constitute either "final opinions" or "orders" made in the adjudication of cases as well.

3. All "program review reports," as described in Program Statement 5322.11, Classification and Program Review of Inmates, created on or after January 1, 2000. These records constitute either "final opinions" or "orders" in the adjudication of cases.

4. All Segregation Review Official (SRO) reports generated from January 1, 1998, onward that resulted from in person and in abstentia segregation review hearings. See 28 C.F.R. § 541.20(c). These records constitute either "final opinions" or "orders" made in the adjudication of cases.

5. All written decisions by the Hearing Administrator regarding an inmate's placement in a control unit as described in 28 C.F.R. § 541.44 from January 1, 1998, onward. These

records are either "final opinions" or "orders" made in the adjudication of cases.

6. All written decisions by the Executive Panel to either accept or reject the recommendation of the Hearing Administrator concerning an inmate's placement in a control unit as described in 28 C.F.R. § 541.15 from January 1, 1998, onward. These records are "final opinions" or "orders" made in the adjudication of cases.

7. All decisions by the Bureau to either accept or reject a claim under the Federal Tort Claims Act made on or after January 1, 1998. These records are "final opinions" or "orders" made in the adjudication of cases.

8. All decisions made from January 1, 2001, onward by the Utilization Review Committee, whether at the institution, Regional, or Central Office level, concerning the provision of medical care to inmates. These records are "final opinions" or "orders" made in the adjudication of cases.

9. All decisions, whether at the institution, Regional, or Central office level, from January 1, 1998, onward regarding the grant or denial of an inmate's request for compassionate release under the regulations set forth in 28 C.F.R. §§ 571.60 - 571.64. These are "final opinions" or "orders" made in the adjudication of cases.

10. All decisions by the Bureau to either grant or deny a request for information under the Freedom of Information Act from January 1, 1998, onward. These decisions constitute "final opinions" or "orders" made in the adjudication of cases. Reliance Elec. v. Consumer Product Safety Com'n, 924 F.2d 274, 277 (D.C. Cir. 1991)("Agency decisions to release information in compliance with a FOIA request are informal adjudications").

11. All decisions from November 1, 1998, onward to either grant or deny an inmate's request for compensation under the Inmate Accident Compensation Program. These decisions are "final opinions" or "orders" made in the adjudication of cases.

Thank you for your assistance.

Sincerely,

Brandon Sample #33949-037
Federal Satellite Low
2680 Highway 301 South
Jesup, Georgia 31599



U.S. Department of Justice

Federal Bureau of Prisons

MAR 29 2007

Washington, DC 20534

Brandon Sample
Reg. No. 33949-037
FCI Jesup
2680 Highway 301 South
Jesup, GA 31599

For Further Inquiry Contact:
Federal Bureau of Prisons
320 First Street. N.W.
Room 738, HOLC Building
Washington, D.C. 20534

RE: Freedom of Information Request No. 2007-02061

Dear Mr. Sample:

    This is in response to your above noted request pursuant to the Freedom of Information Act (FOIA). Specifically, you request documents from several BOP and DOJ systems of records and generated over several years be made available on the DOJ web site. You assert these documents amount to final agency opinions in the adjudication of cases and are required to be made available via            . Specifically, your request is to cover the following records 1) Administrative Remedies; 2) Inmate Discipline Cases (UDC and DHO decisions); 3) Inmate Classification Matters; 4) Segregation Reviews; 5) Control Unit Placements and Appeals; 6) Federal Tort Claims; 7) medical Utilization Review Committee recommendations; 8) Compassionate Release recommendations; 9) Freedom of Information Act determinations; and 10) Inmate Accident Compensation Act claims. Additionally, you seek a subject matter index of the BOP's Public Reading Room materials.

    In response to your request for a copy of the current subject matter index of public reading room records, this list is generally made available to the public via the world wide web. A printed copy of this list generated 312 pages of responsive documents. This subject index covers materials available in the BOP' Library and is included in its entirety. Pursuant to Department of Justice regulations we are assessing a fee of $21.20 for the duplication costs associated this portion of your request.

    Please send your check or money order in the amount indicated, payable to the Treasury of the United States, to the FOIA/PA Office at the above address. Payment will be due within

Exhibit 4

30-days of the date of this letter. Please reference the above-listed request number on your returned correspondence.

Concerning your petition that certain documents be made available on the Department of Justice public web site, we have reviewed your issue and deny this request. This portion of your letter was not considered to be a FOIA request for records, rather a request to post records on the internet. The records you have identified do not amount to final agency decisions made in the adjudication of cases. Therefore, they are not covered by the public access requirements outlined in 5 U.S.C. §552(a)(2). Moreover, most of the documents you identify are covered under one or more exemptions outlined by §552(b) and are exempt from disclosure under FOIA.

Please reference the above-listed request number in future correspondence concerning this request and payment for the processed materials. These materials will be mailed to you upon receipt of your payment. If you have any questions or concerns regarding this matter please address them to Wm E. Baumgartel, Senior Paralegal Specialist.

Sincerely,

Wanda M. Hunt
Chief, FOIA/PA Section

cc: File

December 1, 2006

Mr. William Baumgartel
Senior Paralegal Specialist
Federal Bureau of Prisons
FOIA/PA Section
320 First Street N.W.
Room 738, HOLC Building
Washington, DC 20534

Re: FOIA Request # 2006-09273, 2006-09274

Dear Mr. Baumgartel:

This is in response to your letter dated November 27, 2006, regarding the above mentioned FOIA requests. As explained below, I decline your offer to provide the requested records in paper format. When I specify a particular format of response, I expect production in that format only. Accordingly, I interpret your letter as a denial of my request for records.

In your letter, you indicate that my request for Administrative Remedy Indexes in electronic format cannot be satisfied because "[t]hese indexes are only made available for review and inspection in hard copy format; they cannot be reasonably saved and reproduced in electronic format." I beg to differ.

In *Sample v. Bureau of Prisons*, No. 05-5038 (D.C. Cir. 2006), I requested the Bureau provide, in electronic format, the administrative remedy index of every grievance that I've filed. In response, the Bureau offered to save and send the index on disk to my non-inmate designee. Dissatisfied with that form of response, I further pursued the matter and the D.C. Circuit recently ruled in my favor, holding that the Bureau must provide those documents to me in electronic format. The situation here is no different. If the Bureau can readily reproduce an administrative remedy index of all my grievances in electronic format as indicated in *Sample*, then the Bureau can also readily reproduce, in electronic format, the administrative remedy indexes requested here. In light of this, I trust you will promptly reconsider your decision not to disclose the requested administrative remedy indexes in electronic format.

Aside from the administrative remedy index issue, you indicate that my request for 98 specific Administrative Remedy responses in electronic format cannot be processed because "responses are not maintained or stored in electronic format." Your response proves too much.

Under FOIA, "[e]ach agency shall make reasonable efforts to maintain its records in forms or formats that are

Exhibit 5

reproducible for the purposes of this section," and that includes electronic forms or formats. 5 U.S.C. § 552(a)(3)(B). Here, each and every administrative remedy response is generated by the Bureau in electronic format using Wordperfect or another similar document creation program. Yet, amazingly, the Bureau does not keep an electronic copy of these records. Mr. Baumgartel, making "no effort" to maintain these records in electronic format is not the same as making "reasonable efforts" as required by statute.

From this day forward, I expect the Bureau to make some changes in order to comply with future requests for records in electronic form or format. For instance, when creating administrative remedy responses, the Bureau must start (1) saving all grievance responses to disk. Thereafter, the disk can be placed in the respective administrative remedy file (Warden, Regional Director, or Central Office's) for the purpose of responding to requests for grievance responses in electronic format; or (2) uploading all grievance responses to a central computer database, similar to what the Bureau has done with some of its other record systems (e.g., TRUFACS), in order to allow maintenance and retrieval of these records in electronic form. But the maintenance of records in electronic form does not stop there. Rather, the Bureau must, as required by statute, make "reasonable efforts" to maintain all of its records in electronic format. That includes other records that the Bureau currently generates, but fails to maintain, in electronic form.

I realize that the Bureau, being the dinosaur that it is, will probably be reluctant to enact these kinds of changes. However, the Bureau, as a component of the Department of Justice, has a statutory duty -- not only under FOIA but also under the E-Government Act of 2002 -- to modernize and streamline its information dissemination practices. See 44 U.S.C. § 3506 § (d)(1)(C) ("With respect to information dissemination, each agency shall -- ensure that the public has timely and equitable access to the agency's public information, including such access through -- (C) agency dissemination of public information in an efficient, effective, and economical manner"); 44 U.S.C. § 3506(h)(3) & (4) ("With respect to Federal information technology, each agency shall -- (3) promote the use of information technology by the agency to improve the productivity, efficiency, and effectiveness of agency programs ... and improved dissemination of public information" and (4) "propose changes in legislation, regulations, and agency procedures to improve information technology practices").

While the Bureau is not currently in compliance with these laws, I hope that as a result of this letter, you, and your superiors, will begin the process of changing that;

2

otherwise, I will have no choice but to seek an order from the U.S. District Court in the District of Columbia compelling your compliance with the requirements of the E-FOIA amendments and the E-Government Act of 2002. However, before I take further action, I will afford you 30 days to respond to the concerns that I've raised herein.

Thank you for your time and assistance.

Sincerely,

Brandon Sample

Brandon Sample #33949-037
Federal Satellite Low
2680 Highway 301 South
Jesup, Georgia 31599