UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Brandon Sample, et. al., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-cv-715 |
| ) | |
| Bureau of Prisons, et al., ) | |
| ) | |
| Defendants. ) | |

## REVISED DECLARATION OF DELAINE HILL

I, Delaine Hill, hereby declare and state the following:

1.  I am an Assistant General Counsel for the Federal Bureau of Prisons ("BOP") in Washington, D.C. I have been employed as an attorney with the Bureau of Prisons since August 2001.

2.  I have access to BOP records pertaining to administrative remedy appeals submitted to this office and to all computerized administrative remedy filings.

3.  On May 10, 2007, I searched the computerized administrative remedy records filed by plaintiffs Brandon Sample (BOP Inmate Register Number: 33949-037) and Bernard Shaw (BOP Inmate Register Number: 59469-004) and I signed a declaration that claimed that they failed to exhaust all of the available administrative remedies on the issues in this case. At the time I signed this declaration, I believed this statement to be true. I have since learned that this assertion was incorrect. In Bernard Shaw's case, I only searched for administrative remedy filings after 2005. This was a mistake, as he filed his administrative remedies in 2004 for what would become claims one through four in this matter. I also alleged that plaintiff Sample failed

to exhaust count five, which is a claim regarding educational transfers. In this case, I failed to detect that plaintiff Sample had previously filed an administrative remedy that addressed the issue of educational transfers. When I searched the database that contains administrative remedy filings, I looked at an abstract which outlined the subject of the inmate grievance. I did not see an abstract listing educational transfers and mistakenly assumed that plaintiff Sample had not exhausted his administrative remedies on the issue. However, he did address the issue of educational transfers in an administrative remedy that was listed under an abstract heading that I did not detect.

    4. Plaintiff Bernard Shaw has exhausted his administrative remedies for counts one through four of this action. Plaintiff Brandon Sample has also exhausted all administrative remedies available to him in this matter.

    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

    Executed this 27th day of June 2007 in Washington, D.C.

                                              Delaine Hill
                                              Assistant General Counsel
                                              Litigation Branch
                                              Federal Bureau of Prisons