UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRANDON SAMPLE, et al.,                )
                                       )
v.                                     )   No. 06-715 (PLF)
                                       )
FEDERAL BUREAU OF PRISONS, et al.      )

## STATEMENT OF MATERIAL FACTS
## TO WHICH THERE EXISTS NO GENUINE ISSUE

In accordance with Local Civil Rule 7(h), the undersigned Plaintiffs, Brandon Sample ("Sample") and Bernard Shaw ("Shaw"), respectfully submit the following statement of materials facts to which there exists no genuine issue.

**Request For Admissions**

1. On August 15, 2007, Defendant Federal Bureau of Prisons ("BOP") received a Rule 36 Request for Admissions from the Plaintiffs. Decl. of Sample ¶ 1. The BOP has yet to respond to the Request for Admissions.

**Count One**

2. The BOP allows inmates to make domestic and international telephone calls to approved numbers over its Inmate Telephone System II ("ITS II"), now renamed TRUFONE (for the purposes of this action, there is no substantive difference between TRUFONE and ITS II). Decl. of Sample ¶ 2. All calls over the ITS II are subject to monitoring and are recorded. Id. With the exception of 1-900 and 1-800 numbers, there are, ordinarily, no restrictions on what numbers may be placed on an inmate's approved telephone list. Id. Calls over the ITS II are limited to 15 minutes in duration and may be prepaid by the inmate. Id.

2. When a prepaid domestic U.S. call is placed by an inmate, the following voice prompt is announced once the called party answers:

This call is from a federal prison. This is a prepaid call. You will not be charged for this call. This call is from (<u>insert name of inmate calling</u>). Hang up to decline the call or to accept the call dial "5" now. To block future prepaid calls from this person, dial "77."

The inmate and the called party will not be connected unless the called party pushes "5." Once a call is accepted, an announcement stating "this call is from a federal prison" is intermittently played during the call. <u>See</u> Declaration of Sample ¶ 3.

3. International calls over the ITS II are treated differently than prepaid domestic U.S. calls. For instance, all international calls are direct dial. "Direct dial" means the call rings straight through to the called party without any voice prompt requiring the called party to push "5" before the call is connected. With the exception of different calling rates, all other aspects of international calling are identical to domestic U.S. prepaid calls over the ITS II.

4. The Plaintiffs have unsuccessfully attempted to make domestic U.S. prepaid calls over the ITS II to clerks of court, businesses, friends, family members, and other called parties who utilize an automated telephone answering system ("ATAS"). ATAS' are, however, incapable of pushing "5" to accept calls from the Plaintiffs. As a result, Plaintiffs have been deprived of the opportunity to communicate telephonically with domestic U.S. prepaid called parties who use an ATAS. Decl. of Sample ¶ 5; Decl. of Shaw.

2

5. Prior to the installation of the ITS II, there was no push "5" requirement for domestic or international prepaid calls. During this time, no problems were caused by the absence of the push "5" requirement. Decl. of Sample ¶ 8, 10.

6. Upon implementation of the ITS II, the push "5" requirement was applied to both domestic and international prepaid calls. However, after it was determined that the push "5" requirement was causing problems with the connection of international calls -- the same kind of complaint Plaintiffs make about the domestic push "5" requirement -- the BOP, in either 2000 or 2001, eliminated the push "5" requirement for international calls. Decl. of Sample ¶ 8.

7. Plaintiffs recently placed calls over the ITS II to numbers in Iraq, North Korea, and the United Arab Emirates. There is no push "5" requirement for such calls. Decl. of Sample ¶ 9; Decl. of Shaw.

8. It does not make sense that Plaintiffs are permitted to make direct dial calls to countries that are centers of terrorist activity and/or are apart of the "Axis of Evil," but cannot make similar calls domestically. Decl. of Sample ¶ 9.

**Count Two**

9. The BOP has gradually increased the cost per minute for long distance calls from .15¢ a minute to .23¢ a minute. These increases have cost the Plaintiffs at least $288 more during certain years. Decl. of Sample ¶ 11; Decl. of Shaw.

**Count Three**

10. Upon installation of the ITS I & II, inmates were allowed to make unlimited prepaid calls. Recently, though, the BOP

3

restricted inmates to 300 calling minutes per month. The only exception to this rule is during the months of November and December when inmates are given 400 minutes instead of 300. Decl. of Sample ¶ 12.

11. The 300 and 400 minute restriction substantially affects the Plaintiffs in that it inhibits their ability to communicate with friends and family. Decl. of Sample ¶ 14; Decl. of Shaw.

**Count Four**

12. For over 20 years the selling for items at BOP commissaries was determined by taking the cost price of an item, dividing it by .08, then rounding up to the next nickel. However, in either 2000 or 2001, the BOP changed its markup formula. Now, the selling price for items is determined by multiplying the cost price of an item by 1.3. The requirement to round up to the next nickel continues under the new markup formula. Decl. of Sample ¶ 15.

13. The change in the BOP's markup formula has cost the Plaintiffs hundreds, if not thousands of dollars. Decl. of Sample ¶ 16; Decl. of Shaw.

**Count Five**

14. For over 20 years the BOP permitted inmates to apply for and receive educational transfers. Such transfers were permitted in order to give inmates an opportunity to participate in educational programs that are not available at their current place of incarceration. Decl. of Sample ¶ 17.

15. The elimination of the educational transfers program

4

substantially affects Plaintiff Sample because he is unable to take a culinary class that would provide him with additional job skills upon release from prison. Decl. of Sample ¶ 18.

**Count Six**

16. Plaintiff Sample submitted a FOIA request for a paper copy of his Pre-Sentence Investigation Report ("PSI"). The request was denied on the basis that inmates are no longer permitted to possess copies of their PSIs. Decl. of Sample ¶ 19.

**Count Seven**

17. Plaintiff Sample submitted a FOIA request for a copy of inmate Richard Painter's PSI. Accompanied with the request was an authorization from Painter permitting the release of records about him to Sample. Decl. of Sample ¶ 20.

**Count Eleven**

18. Plaintiff Sample submitted a FOIA request to the BOP for copies of all documents pertaining to the provisions for the Passover ceremonial meal at FCI Beaumont (Low) in 2004. The provisions for this meal were provided by Kosher Cajun Deli. Sample has yet to receive any responsive records to this request. Decl. of Sample ¶ 23.

**Count Fourteen**

19. Approximately 99 percent of all documents generated by the BOP are created on a computer. Instead of maintaining an electronic copy of these records, though, the BOP destroys the electronic copy after it is reduced to paper form. Records created on a computer by the BOP could be easily stored on a hard drive or disk, and destroyed in accordance with existing retention schedules.

5

Respectfully submitted,

*Brandon Sample*
Brandon Sample #33949-037
Federal Prison Camp
2680 Highway 301 South
Jesup, Georgia 31599

*Bernard Shaw*
Bernard Shaw #59469-004
Federal Satellite Low
2680 Highway 301 South
Jesup, Georgia 31599

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRANDON SAMPLE, et al.,            )
                                   )
v.                                 )     Civil No. 06-0715 (PLF)
                                   )
FEDERAL BUREAU OF PRISONS, et al.  )

## PLAINTIFF'S STATEMENT OF MATERIAL FACTS TO WHICH THERE EXISTS A GENUINE ISSUE

Pursuant to Local Civil Rule 7(h), the undersigned Plaintiffs respectfully submit the following statement of material facts to which there exists a genuine issue. This statement is submitted in response to the Defendant's statement of material facts as to which there is no genuine issue, filed contemporaneously with Defendant's motion to dismiss or for summary judgment.

1. The Inmate Telephone System (ITS-II) mandates that telephone calls by federal inmates shall ordinarily be made to a number identified on the inmate's official telephone list. See BOP Program Statement 5264.07, Telephone Regulations for Inmates (January 31, 2002).

**Response:** Admitted.

2. Parties receiving phones (sic) calls from federal inmates using the ITS-II have the capability to deny and/or block further telephone calls from the inmate as a voice prompt directs the called party through the process. Id.

**Response:** Admitted in part and denied in part. Only parties receiving domestic phone calls from federal inmates using the ITS-II have the capability to deny and/or block

further telephone calls from the inmate through a voice prompt. Parties receiving international calls from federal inmates do not have this capability.

3. The BOP has raised the per-minute cost of domestic prepaid telephone calls for inmates using the ITS-II. Id.

**Response:** Admitted.

4. Inmates using the ITS-II are limited to 300 minutes per calendar month.

**Response:** Admitted in part and denied in part. Inmates are given an allowance of 300 minutes per calendar month with the exception of November and December. During November and December, inmates are given 400 minutes per month.

5. Plaintiff Brandon Sample (Inmate Number: 33949-037) submitted a Freedom of Information Act request ("FOIA") assigned request number 2004-02654 alleging that he had written authorization to review the Pre Sentence Report of another inmate. See Declaration of Wilson Moorer.

**Response:** Admitted.

6. Plaintiff Sample submitted a FOIA request for a copy of the BOPDOCS CD-ROM. See Complaint ¶¶ 40,41. Id.

**Response:** Admitted.

7. Plaintiff Sample filed a FOIA request seeking records concerning the "provision of Passover ceremonial meal during 2004 and the purchase of the eight days worth of meal by the Food Service Department at FCI Beaumont (Low)." See Complaint ¶¶ 44-46, Declaration of Christine Greene. BOP released a partial response in April, July and October of 2006. Id.

2

**Response:** Admitted.

8. Plaintiff Sample's request for "all invoices, purchase order, and other related materials concerning the purchase of a sukkah" had not been responded to at the time the amended complaint was filed in this matter. <u>Id.</u>

**Response:** Admitted.

9. Plaintiff Sample made a FOIA request, dated August 10, 2006, seeking sanitized administrative remedy indexes from each BOP Regional Office and the Central office for the past three years. <u>See</u> Exhibit 1 to R. Hill Decl. The request did not specify electronic format but did specify his agreement to pay up to $25.00 in fees. <u>Id.</u> Plaintiff also submitted a request for copies of several administrative remedy response in read-only electronic format. <u>Id.</u> This request was received in the BOP FOIA Office on August 16, 2006, and assigned request number 2006-9274. <u>See</u> Exhibit 2 to R. Hill Decl. The request specifically requested that the response be provided in electronic format. <u>See</u> Exhibit 1 to R. Hill Decl. On November 27, 2006, the BOP responded with an aggregated response to request number 2006-09273 and request number 2006-09274. <u>See</u> Exhibit 2 to R. Hill Decl. The response advised Plaintiff that the documents could not be saved and reproduced in electronic format. <u>Id.</u>

**Response:** Admitted.

10. Plaintiff Sample filed a FOIA request that was received in the BOP FOIA Office on December 18, 2006.

**Response:** Admitted.

3

11. Plaintiffs filed their Complaint on April 21, 2006.

**Response:** Denied. The Plaintiff's complaint was filed on March 1, 2006, by depositing a copy of same into the prison's internal mail system under the so-called "prison mailbox rule." See Docket Entry 1 at 12.

Respectfully submitted,

*/s/ Brandon Sample*
Brandon Sample #33949-037
Federal Prison Camp
2680 Highway 301 South
Jesup, Georgia 31599

*/s/ Bernard Shaw*
Bernard Shaw #59469-004
Federal Satellite Low
2680 Highway 301 South
Jesup, Georgia 31599

4