UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRANDON SAMPLE, *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>FEDERAL BUREAU OF PRISONS, *et al.*)<br>)<br>Defendants. )<br>_____) | Civil Action No. 06-0715 (PLF) |

**DEFENDANTS' MOTION FOR A PROTECTIVE ORDER**

Defendants, the Federal Bureau of Prisons and the United States Department of State (collectively the "Defendants"), by and through undersigned counsel, respectfully submit this Motion for a Protective Order, pursuant to Fed. R. Civ. P. 26(c) . This Motion should be granted for the following reasons.

**1.    Improper Service of Discovery Requests**

On July 10, 2006, Plaintiffs caused the summons and complaint to be served upon Defendant BOP, the United States Attorney General, and the United States Attorney's Office for the District of Columbia.  *See* Dkt. Entry Nos. 17, 18, 19.  One month later, on August 10, 2006, Plaintiffs mailed their discovery request, via first-class mail, to Defendant BOP.  *See* Plaintiffs' Statement of Material Facts, ¶ 1[1]; Plaintiffs' Exh. 1, Rule 36 Request For Admissions.  On information and belief, in violation of L Cv R 5.2, Plaintiffs' discovery request was not served upon counsel for Defendant BOP.  *See* Plaintiffs' Statement of Material Facts at 4,

---

[1]    Plaintiffs' Statement of Material Facts contains a typographical error in that it indicates that Plaintiffs' discovery request was received by Defendant BOP on August 15, 2007. As the certified mail receipt indicates, the discovery request was actually signed for on August 15, 2006.

Certificate of Service; Plaintiffs' Exh. 2, Certified Mail Receipt. Instead, Plaintiffs appear to have mailed their discovery request directly to Defendant BOP. *Id.*

Because Plaintiff Sample has initiated at least two other lawsuits against Defendant BOP in the District of Columbia, Plaintiff Sample should have been aware that Defendant BOP is always represented by the United States Attorney's Office for the District of Columbia in cases filed in this district. *See, e.g., Sample et al. v. BOP*, 03-0805; *Sample v. Lappin et al.*, 05-0596. Therefore, because Plaintiffs failed to mail their discovery request to the United States Attorney's Office for the District of Columbia, service of Plaintiffs' discovery request was improper. Nevertheless, in an abundance of caution, we move for this Protective Order with regard to this discovery.

2.  **Review Generally Based on Administrative Record**

Insofar as Plaintiffs base their allegations on an agency administrative action, generally, they are not entitled to discovery. When reviewing an agency decision, the Court is bound to limit its examination to the administrative record. 5 U.S.C. § 706. In cases involving the Administrative Procedure Act or the Freedom of Information Act, as may be the case here, a court will rely on the administrative record. *See Wheeler v. CIA,* 271 F. Supp. 2d 132, 139 (D.D.C. 2003)(Finding that discovery is generally unavailable in FOIA actions). *See also*, Fed. R. Civ. P. 26(a)(1)(E); *Public Citizen Health Research Group v. Food and Drug Administration*, 997 F. Supp. 56, 72 (D.D.C. 1998)("discovery is to be sparingly granted in FOIA actions."*), aff'd in part, rev'd in part & remanded on other grounds*, 185 F.3d 898 (D.C.Cir.1999); *Code v. FBI*, 1997 WL 150070 at * 8 (D.D.C. March 26, 1997) (noting that discovery "is not often part of the litigation process in FOIA actions"); *see also Katzman v. Freeh*, 926 F. Supp. 316, 319

(E.D.N.Y. 1996) ("discovery in a FOIA action is extremely limited"); *Judicial Watch, Inc. v. Dep't. of Justice* (" Judicial Watch II"), 185 F. Supp. 2d 54, 65 (D.D.C.2002) (noting that "[d]iscovery is not favored in lawsuits under the FOIA"); *Goland v. CIA,* 607 F.2d 339, 352 (D.C. Cir. 1978).

### 3. Premature Discovery Requests

Even if this is an appropriate case for discovery, Plaintiffs' attempt to initiate discovery merely one month after Defendant BOP's counsel had been served was and is wholly premature. Pursuant to Fed. R. Civ. P. 26(d) the parties may not engage in any form of discovery before they have conferred pursuant to Rule 26(f). To date, the parties have not engaged in Rule 26(f) or Local Rule 16.3 discussion, as dispositive motions are pending and the Court has not yet set a date for a scheduling conference.

### 4. Pending Dispositive Motions

Federal courts have broad discretion to manage the conduct of discovery to protect a party from undue burden or expense or otherwise to promote the ends of justice by granting an appropriate order to limit or postpone discovery. *See Chavous v. District of Columbia Financial Responsibility and Management Assistance Authority*, 201 F.R.D. 1, 2 (D.D.C. 2001); *see also Heidelberg Americas, Inc. v. Tokyo Kikai Seisakusho, Ltd.*, 333 F.3d 38 (1st Cir. 2003) (noting that "district courts exercise broad discretion to manage discovery matters."); *Stella v. Mineta*, 147 F.3d 135, 147 (D.C. Cir. 2002) (stating that "district courts are afforded substantial discretion to manage discovery as they see fit."). Given this vast discretion, this Court "should

not hesitate to exercise appropriate control over the discovery process" in this case. *Herbert v. Lambo*, 441 U.S. 153, 177 (1979); *see also* Fed. R. Civ. P. 26(c).

Defendants' Motion to Dismiss or, Alternatively, For Summary Judgment, is pending before this Court. Plaintiffs have filed an Opposition and a Cross-Motion, and Defendants have obtained Plaintiffs' consent for additional time to respond. The resolution of the dispositive motions may, in whole or in part, moot the need to respond to Plaintiffs' discovery demands, thereby conserving the precious resources of this office. Therefore, it is an appropriate exercise of this Court's broad discretion to stay discovery until it resolves the pending dispositive motions. *See Chavous*, 201 F.R.D. at 2 ( noting that "[i]t is settled that entry of an order staying discovery pending determination of dispositive motions is an appropriate exercise of the court's discretion."). *See also Heckman v. Dep't of Agriculture*, 2005 WL 1532961, * 2 (W.D. Wash. June 24, 2005) (granting motion to stay discovery pending resolution of dispositive motion); *Howse v. Atkinson*, 2005 WL 994572, *1 (D. Kan. Apr. 27, 2005) (noting that "a court may appropriately stay discovery until a pending motion is decided where the case is likely to be fully concluded as a result of a ruling on the dispositive motion); *Tilley v. United States*, 270 F. Supp.2d 731, 734 (M.D.N.C. 2003) (staying discovery pending determination of a dispositive motion is an appropriate exercise of the court's discretion).

## CONCLUSION

Defendants respectfully request that this motion for protective order be granted. In the alternative, if the Court does not grant Defendants' request, Defendants request an enlargement of time to respond to Plaintiffs' discovery demands or seek additional relief within 30 days after the Court renders a decision on Defendants' dispositive motion. A proposed order is attached.

Respectfully submitted,

  Jeffery A. Taylor  
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

  Rudolph Contreras  
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

 /s/Sherease Louis  
SHEREASE LOUIS
Special Assistant United States Attorney
555 Fourth Street, N.W., Civil Division
Washington, D.C. 20530

Counsel for Defendants

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 14th day of September 2007, I caused a true and correct copy of the foregoing Defendant's Motion for a Protective Order to be served upon *pro se* Plaintiffs at the addresses that appear below:

BRANDON C. SAMPLE
R33949-037
FEDERAL PRISON CAMP
Federal Satellite Low Security
2680 Highway 301 South
Jesup, GA 31599

BERNARD SHAW
R59469-004
FEDERAL SATELLITE LOW
2680 Highway 301 South
Jesup, GA 31599

    /s/ShereaseLouis
SHEREASE LOUIS
Special Assistant United States Attorney
555 4th Street, NW
Washington, DC 20530
(202) 307-0895 (telephone)
(202) 514-8780 (facsimile)