UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
SEP 24 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

BRANDON SAMPLE, ET AL.        )
                              )
v.                            )      06-715 (PLF)
                              )
FEDERAL BUREAU OF PRISONS, ET AL.  )

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR A PROTECTIVE ORDER

Defedants move for a protective order from a set of Rule 36 admissions served on Defendant Bureau of Prisons ("BOP") over a year ago to which BOP has not responded. Docket Entry ("DE") 54. For the following reasons, the motion should be denied.

**(1) Defendants Failed To Confer**

As a threshold matter, BOP's motion should be denied because counsel for BOP failed to confer with Plaintiffs prior to the filing of the motion. Fed.R.Civ.P. 26(c) (requiring party seeking a protective order to confer or attempt to confer with the affected parties in order to resolve the dispute prior to seeking a protective order). Counsel for BOP is aware that Plaintiffs may be reached by calling (912) 427-0870. In fact, Plaintiff Sample has been on the phone with other counsel from the U.S. Attorney's Office ("USAO") in D.C. at least three times in the past two months for depositions in Sample v. Lappin, et al., No. 05-0596 (D.D.C.)(PLF). Thus, counsel for BOP in this case cannot claim an inability to reach Plaintiffs. Accordingly, because counsel for BOP failed to confer or attempt to confer, BOP's motion should be denied.

## (2) Alternatively, The Motion Should Be Denied On The Merits

Assuming the Court were to ignore the BOP's blatant disregard for the meet and confer requirements of Rule 26, BOP's motion should, nevertheless, be denied on the merits.

### (i) Relief From The Admissions Is Not Available Through A Protective Order

BOP is not entitled to relief from Plaintiff's request for admission -- properly served over a year ago -- through a protective order. Rather, any relief, if available, must be obtained by way of a motion for amendment or withdrawal of the admissions under Rule 36(b). A motion for a protective order must be filed before the discovery is to occur, not after, unless there is no opportunity to do so. Mims v. Central Mfrs. Mut. Ins. Co., 178 F.2d 56 (5th Cir. 1949); Drexel Heritage Furnishings, Inc. v. Furniture USA, Inc., 200 F.R.D. 255 (M.D.N.C. 2001). Here, BOP had ample opportunity to seek relief under Rule 26, it simply chose not to do so. Moreover, to permit parties to seek relief via Rule 26 from request for admission not responded to is untenable because doing so would render the provisions governing amendment or withdrawal under Rule 36(b) surplusage. Accordingly, BOP's motion for a protective order should be denied.

### (ii) The Admissions Were Properly Served

First of all, BOP claims that the request for admission were not properly served because at the time of their service, August 10, 2006, Plaintiffs did not mail a copy to the U.S. Attorney's Office. DE 54 at 1-2. Instead, BOP complains that

the request for admission were only mailed to the BOP. Id.

BOP is correct that Plaintiffs did not serve a copy of the request for admissions on the USAO, but only because Plaintiffs were not required to do so. At the time the request for admission were served, August 10, 2006, BOP was unrepresented. Fed.R.Civ.P. 5(b)(1) requires service "on a party represented by an attorney ... on the attorney." Counsel for BOP, however, did not enter an appearance in the case until a few weeks <u>after</u> the request for admission were served. Contrary to the BOP's arguments, it is not the Plaintiff's responsibility to serve papers on the USAO in aniticipation that it will represent a governmental party. Plaintiffs do not have a crystal ball, and it is not uncommon to find that agency counsel, as opposed to the USAO, will represent a government agency in certain matters. Thus, service of the request for admission on the BOP -- an unrepresented party at the time -- was proper.

(iii) <u>The Request For Admission Were Timely</u>

Next, BOP argues that the request for admission were premature because "[p]ursuant to Fed.R.Civ.P. 26(d) the parties may not engage in any form of discovery before they have conferred pursuant to Rule 26(f)." DE 54 at 3. Plaintiffs acknowledge that they have yet to confer with BOP in accordance with Rule 26(d), but this irrelevant for the reasons below.

Ordinarily, Rule 26 requires parties to make initial disclosures and schedule a Rule 26(f) conference before seeking discovery." Fed.R.Civ.P. 26(d). However, Rule 26(d) makes an exception for "categories of proceedings exempted from initial disclosure under Rule 26(a)(1)(E)." Among those categories,

3

Rule 26(a)(1)(E)(iii) exempts "an action brought without counsel by a person in custody of the United States." Thus, Plaintiffs are exempt from the Rule 26(d) timing requirement because they are pro se federal prisoners. And as the committee notes make clear, "there is no restriction on commencement of discovery in [exempted] cases." Fed.R.Civ.P. 26, Advisory Committee Notes (2000 Amendment). Plaintiffs were thus entitled under the Federal Rules of Civil Procedure to begin discovery when they did.

It is also irrelevant that Plaintiffs served their request before the BOP filed an answer or motion. Relief was available. "Should a defendant need more time to respond to discovery requests filed at the beginning of an exempted action, it can seek relief by motion under Rule 26 (c) [for a protective order)...." Id. The BOP could have sought a protective order for additional time to reply to Plaintiff's request for admission. Instead, it did nothing.

(iv) Discovery In Cases Based On The Administrative Record

BOP argues that Plaintiff's admissions were improper, to the extent they involve claims under the Administrative Procedures Act ("APA") or the Freedom of Information Act ("FOIA"). DE 54 at 2. BOP cites numerous cases supporting this proposition; however, none of these cases are good law in light of the Supreme Court's recent decision in Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 515 (2002).

In Swierkiewicz the Supreme Court held that changes to the Federal Rules can only be made through the rulemaking process,

4

not by judicial interpretation. Id. at 515. Under the Federal Rules, a party "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed.R.Civ.P. 26(b)(1). The only exception to a party's ability to obtain discovery regarding "any matter" is when discovery is "limited by order of the court in accordance with the [Federal Rules]." Fed.R.Civ.P. 26(b). In other words, a court may order, on a case-by-case basis, limitations on discovery. A court may not, however, by opinion, local rule, or otherwise, create blanket restrictions on discovery in advance of the filing of a case. To do so would constitute an impermissible change to Rule 26's clearly defined limiting language permitting restrictions on discovery only "upon motion" -- something that can only be accomplished on a case-by-case basis. Fed.R.Civ.P. 26(c) & (d). Moreover, modifying the language of the Rule 26 by judicial interpretation would run afoul of Swierkiewicz' instruction that changes to the Federal Rules can only be made through the rulemaking process. Id. at 515.

In the instant case, there was no order precluding discovery at the time of service of the request for admissions. Accordingly, their validity is not subject to question even though their subject matter may involve claims by Plaintiffs under the APA or FOIA.

(v) Pending Dispositive Motions

BOP argues that Plaintiff's request for admission are improper due to the party's pending dispositive motions. DE 54 at 3. Plaintiff's agree that the Court may delay discovery

5

pending resolution of dispositive motions, and to the extent BOP seeks delay of <u>futher</u> discovery until resolution of the party's dispositive motions, Plaintiffs are unopposed. However, the discovery that is the subject of the BOP's motion for a protective order -- Plaintiff's request for admissions -- has already been taken. BOP cannot retroactively undo a request for admissions it did not respond to based on the party's now pending dispositive motions. Rather, as explained above, any relief, if available, from Plaintiff's request for admissions may only come through a motion under Rule 36(b).

**(3) Conclusion**

For above reasons, BOP's motion for a protective order should be denied.

Respectfully submitted,

Brandon Sample #33949-037
Federal Prison Camp
2680 Highway 301 South
Jesup, Georgia 31599


Bernard Shaw #59469-004
Federal Satellite Low
2680 Highway 301 South
Jesup, Georgia 31599

6

## CERTIFICATE OF SERVICE

I declare under penalty of perjury that a true and correct copy of the foregoing was provided to prison officials this 20th day of September, 2007, with first-class postage affixed, for delivery to the following:

Sherease Louis
Special Assistant U.S. Attorney
555 4th Street, N.W.
Washington, DC 20530

BRANDON SAMPLE