RECEIVED

DEC - 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRANDON SAMPLE, ET AL.        )
                              )
v.                            )        06-715 (PLF)
                              )
FEDERAL BUREAU OF PRISONS.    )

### PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER

It has recently come to the Plaintiff's attention that the Federal Bureau of Prisons (BOP) is destroying some of the records sought to be made available via computer telecommunication means by Plaintiffs in Count 14 of the Plaintiff's Second Amended Complaint. Accordingly, Plaintiffs respectfully request the Court enter an urgent protective order requiring the BOP to retain all of the records involved in Count 14 that are still in existence until the resolution of this case.

Count 14 of the Plaintiff's Second Amended Complaint is three part, only the first of which is relevant to the instant motion.[1] Under the first part, Plaintiffs allege that BOP is in noncompliance with 5 U.S.C. §§ 552(a)(2)(A)-(C), which requires, in relevant part, that each federal agency make available certain records created on or after November 1, 1996, via computer telecommunication means. 5 U.S.C. §§ 552(a)(2)(A)-(C). According to Plaintiffs, BOP has failed since November 1, 1996, to make available via computer

---

[1] The second part of Count 14 deals with BOP's failure to maintain records created on a computer in electronic format. See 5 U.S.C. § 552(a)(3)(B). The third part involves BOP's failure to undertake "reasonable efforts" to maintain its other records in electronic form. Id.

telecommuncation means 13 categories of such records. Docket Entry 26-2 ¶ 52. Unfortunately, it has recently come to the Plaintiff's attention that BOP is actively destroying some of these records. For instance, Plaintiffs seek BOP to make available all "administrative remedy responses from the BOP's various institutions, Regional Offices, and Central Office" from November 1, 1996, forward. Plaintiff's Second Amended Complaint, Docket Entry 26-2 ¶ 52. However, in accordance with BOP's retention schedules, administrative remedy responses are destroyed three years after their creation. Program Statement 1330.13, <u>Administrative Remedy Program</u> (available at <u>www.bop.gov</u>). As a result, it appears that thousands of administrative remedy responses from November 1, 1996, until sometime in 2004 are forever lost. Additionally, while unaware of BOP's other retention schedules, it is likely that some of the other records sought to be made available via computer telecommunication means by Plaintiffs have/will also be destroyed.

In order to ensure the Court's ability to grant the relief requested by Plaintiffs--an order requiring BOP to make available via computer telecommunication means the 13 categories of records in Count 14 from November 1, 1996, onward--Plaintiff's respectfully request the Court enter a protective order requiring BOP to retain the remainder of the 13 categories of records still in existence until the resolution of this case.

Respectfully submitted,

*[signature]*
Brandon Sample #33949-037
P.O. BOX 9300
Texarkana, Texas 75505

*[signature]*
Bernard Shaw #59469-004
2680 Highway 301 South
Jesup, Georgia 31599

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served this 29th day of November, 2007, via first-class mail, on the following

Sherease Pratt
Special Assistant U.S. Attorney
Civil Division
555 4th Street, N.W.
Washington, DC 20530

Bernard Shaw #59469-004
FSL Jesup
2680 Highway 301 South
Jesup, Georgia 31599

*[signature]*
Brandon Sample