UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
BRANDON C. SAMPLE, et al.,          )
                                    )
            Plaintiffs,             )
                                    )
      v.                            )    Civil Action 06-0715 (PLF)
                                    )
FEDERAL BUREAU OF PRISONS, et al.,  )
                                    )
            Defendants.             )
_____ )

**STATUS REPORT AND MOTION FOR AN EXTENSION OF TIME TO FILE A REPORT ADDRESSING WHETHER THE BUREAU OF PRISONS IS IN COMPLIANCE WITH THE PAPERWORK REDUCTION ACT**

Defendants respectfully submit this Status Report to update the Court on matters relevant to the disposition of Counts 8, 9, 12 and 13 of Plaintiffs' Amended Complaint. Defendants also respectfully request an extension of thirty days, to January 14, 2008, to file with the Court a report addressing whether the Bureau of Prisons (the "BOP") is subject to and, if so, in compliance with the Paperwork Reduction Act (the "PRA").

**BACKGROUND**

On November 15, 2006, Plaintiffs filed their Amended Complaint. (Docket 22.) In Count 8, Plaintiff Sample sought "a declaratory judgment stating that the BOP is subject to the PRA and that it is in noncompliance with all of its provisions." In Count 9, Plaintiff Sample sought "an order directing the BOP to provide him with a copy of the [BOP's] BOPDOCs disc." And, in Counts 12 and 13, respectively, Plaintiff Sample sought "an order directing the BOP to provide him with [certain specified] administrative remedy responses" and an order directing the BOP to provide him with certain "administrative remedy indexes from each Regional Office and the Central Office for the past three years."

On May 16, 2007, Defendants filed their motion to dismiss or for summary judgment. (Docket 39.) On August 6, 2007, Plaintiffs filed their response to Defendants' motion to dismiss or for summary judgment (Plaintiffs' "opposition memorandum"), in which they "request[ed] . . . that Counts 12-13 be dismissed as moot contingent upon the [BOP's] release of the requested records." (Docket 46.) On August 24, 2007, the parties executed a Stipulation of Settlement and Dismissal as to Count 9 (the "Stipulation of Settlement"), which the Court "so ordered" on September 24, 2007. (Dockets 51, 52.) Under the Stipulation of Settlement, the BOP agreed to provide Plaintiff Sample with "a redacted copy of the December 2003 BOPDOCs CD Rom." (Id.) On November 14, 2007, Defendants filed their reply memorandum in further support of their motion to dismiss or for summary judgment (Defendants' "reply memorandum") in which they asserted that "Plaintiffs do not have a private right of action under the [PRA]," but also stated that Defendants would investigate whether the BOP is in compliance with the PRA and "file a report [with] the Court within 30 days addressing" that issue. (Docket 59.)

## COUNTS 12 AND 13

On October 30, 2007, the BOP sent Plaintiff Sample a letter enclosing the documents he had referenced in Counts 12 and 13. (See Ex. 1 (Decl. of Wilson J. Moorer) at ¶¶2-3.) However, the letter and documents were subsequently returned to the BOP as undeliverable. (Id. at ¶3.) On November 16, 2007, the BOP re-sent the letter and documents to Plaintiff Sample. (Id.) Thus, the BOP has fulfilled its obligations with respect to Counts 12 and 13. If, for some reason, Plaintiff Sample does not receive the November 16, 2007 mailing, the BOP will take the necessary steps to ensure that Plaintiff Sample receives the documents in question.

## COUNT 9

The BOP is in the process of, but has not yet finished, creating "a redacted copy of the December 2003 BOPDOCs CD Rom" (the "CD"), as it agreed to do under the Stipulation of Settlement. The CD contains approximately 90 folders and 4,000 documents, and each document must be reviewed and, if necessary, redacted pursuant to any applicable exemptions or exclusions. As soon as the BOP finishes reviewing and redacting the CD, it will produce the CD to Plaintiff Sample.

## COUNT 8

Defendants argued in their reply memorandum—and continue to strongly believe—that Count 8 should be dismissed on the ground that the PRA does not create a private right of action for alleged violations of the statute.[1] See Tozzi v. EPA, 148 F. Supp. 2d 35, 43 (D.D.C. 2001) ("courts . . . have consistently held that there is not a private right of action under the PRA"); see also Ass'n of Am. Physicians & Surgeons, Inc. v. U.S. Dep't of Health & Human Servs., 224 F. Supp. 2d 1115, 1129 (S.D. Tex. June 17, 2002), aff'd, 67 Fed. Appx. 253 (5th Cir. 2003); Sutton v. Providence St. Joseph Med. Ctr., 192 F.3d 826, 844 (9th Cir. 1999); Smith v. United States of Am., No. 3-07-CV-0313-D, 2007 WL 1944461, at *3 (N.D. Tex. June 7, 2007); Council on Regulatory & Information Management, Inc. v. U.S. Dep't of Labor, No. CIV. A. 93-2362, 1993 WL 544303, at *2 (D.D.C. Dec. 21, 1993).

Nevertheless, in accordance with Defendants' representation in their reply memorandum, the BOP has contacted the Department of Justice's Office of the Chief Information Officer (the

---

[1] With respect to remedies, the PRA expressly states, in 44 U.S.C. § 3512, that its "protection[s] . . . may be raised [as a] . . . defense" in any administrative or judicial proceeding. However, § 3512 is the Act's only remedial provision, and it provides "only a defense to enforcement actions. Otherwise, the Act has no provision for a private right of action for alleged violation of the Act." Tozzi v. EPA, 148 F. Supp. 2d 35, 43 (D.D.C. 2001); see Sutton v. Providence St. Joseph Med. Ctr., 192 F.3d 826, 844 (9th Cir. 1999).

3

"OCIO"), as well as the Office of Management and Budget (the "OMB"), and has asked those entities to review a number of BOP forms (including all of the forms specifically identified by Plaintiffs in their opposition memorandum) and opine on whether the BOP is subject to the PRA and, if so, whether it is in compliance with that statute.[2]  The BOP believes that, as an agency involved in "the disposition of . . . criminal matter[s]," it is exempt from the requirements of the PRA.  See 44 U.S.C. § 3518(c)(1)(A).

To date, the BOP has not obtained a definitive response from the OCIO and OMB, but expects to receive one by the beginning of next month.  Therefore, Defendants respectfully request an extension of thirty days, to January 14, 2008, to file a report with the Court addressing whether the BOP is subject to and, if so, in compliance with the PRA.

---

[2] The OMB has been assigned oversight responsibilities with respect to the PRA.  See 44 U.S.C. §§ 3502(4), 3504.

## **CONCLUSION**

For the foregoing reasons, Defendants request an extension of thirty days, to January 14, 2008, to file a report with the Court addressing whether the BOP is subject to and, if so, in compliance with the PRA.

Dated: December 14, 2007                                   Respectfully submitted,

                                                                          /s/
                                                                          JEFFREY A. TAYLOR, D.C. BAR # 498610
                                                                          United States Attorney

                                                                          /s/
                                                                          RUDOLPH CONTRERAS, D.C. BAR #434122
                                                                          Assistant United States Attorney

                                                                          /s/
                                                                          CHRISTOPHER B. HARWOOD
                                                                          Assistant United States Attorney
                                                                          555 Fourth St., N.W.
                                                                          Washington, D.C.  20530
                                                                          Phone: (202) 307-0372
                                                                          Fax: (202) 514-8780
                                                                          Christopher.Harwood@usdoj.gov

**Of Counsel:**

Oliver M. Lewis, Esq.
U.S. Department of State
Washington, D.C.

Wanda Hunt, Esq.
Delaine Martin Hill, Esq.
Bureau of Prisons
Washington, D.C.

## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing to be served via first class prepaid postage as follows:

**BRANDON C. SAMPLE**
#33949-037
P.O. Box 9300
Texarkana, Texas 75505

**BERNARD SHAW**
#59469-004
FSL Jesup
2680 Highway 301 South
Jesup, Georgia 31599

/s/
Christopher B. Harwood