UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
DEC 21 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

BRANDON SAMPLE, ET AL.,           )
                                  )
v.                                )    06-715 (PLF)
                                  )
FEDERAL BUREAU OF PRISONS, ET AL. )

### PLAINTIFF'S RULE 56(f) MOTION

In accordance with Fed.R.Civ.P. 56(f), the undersigned Plaintiffs respectfully request the Court postpone ruling on Plaintiff's challenge to the consitutionality of Defendant Federal Bureau of Prisons (BOP) push "5" requirement until completion of the discovery outlined below.

In Count One of their Second Amended Complaint, Plaintiffs challenge BOP's push "5" requirement on the ground that it is an impermissble restriction on their means of communicating with persons outside prison walls. BOP responds that the push "5" requirement is supported by a valid, rational connection to a legitimate governmental interest, accomodation of Plaintiff's desire to make calls without the push "5" requirement would unduly burden prison officials and resources, and there is no ready alternative. Docket Entry 59 at 6-9. Plaintiffs have filed a reply addressing each of the BOP's reasons why the push "5" requirement should not be struck down, but Plaintiffs are concerned that their declarations may be viewed by the Court as inadequate. Accordingly, as a safe harbor to their reply, Plaintiffs seek limited discovery should the Court conclude Plaintiff's evidence does not create a genuine issue of material fact as to the constitutionality of the push "5"

requirement. Plaintiffs have been unable to obtain this discovery thus far because its exclusively within BOP's control.

First, with respect to whether the push "5" requirement is supported by a valid, rational connection to a legitimate government interest, Plaintiffs seek to take the deposition of Michael Atwood, Chief of BOP's Trust Fund Branch, and leave to serve several interrogatories. With this discovery, Plaintiffs will be able to create genuine issues of material fact on the first prong of <u>Turner v. Safley</u>, 482 U.S. 78 (1987) by showing that (i) it is the "77" component of the voice prompt, not the push "5" requirement, that gives call recipients the ability to deny/block further calls from an inmate; (ii) the "77" component fully accomodates BOP's desire to provide called parties with the ability to instantly deny/block thir number from inmate calling; (iii) entities of the United States government have an interest in receiving calls from inmates like other members of the citizenry; (iv) BOP did not intend to prevent telephonic communication between inmates and the U.S. government with the push "5" requirement; and (v) there is no valid, rational connection between a legitimate governmental interest and the push "5" requirement as applied to prepaid calls to the United States government. <u>See</u> Decl. of Sample.

On the third and fourth <u>Turner</u> prongs, the deposition of Atwood and service of interrogatories will create genuine issues of material fact because both will show (i) BOP would not incur considerable expense or burden if it were to allow Plaintiffs to make prepaid calls without the push "5"

requirement because BOP would not have to return to its prior written notification procedure. Instead, BOP could merely substitute the push "5" requirement with a procedure that caused an inmate's call to call to connect automatically if a call recipient does not hang up or block their number by pushing "77"; (ii) utilization of this new procedure would not require any substantive change to BOP's Inmate Telephone System; and (iii) this new procedure could be implemented at de minimis cost to the BOP. See Decl. of Sample ¶¶ 5-9.

Wherefore, premises considered, Plaintiffs respectfully request that their Rule 56(f) motion be granted.

Respectfully submitted,

Brandon Sample #33949-037
Federal Prison Camp
P.O. BOX 9300
Texarkana, Texas 75505

Bernard Shaw #59469-004
Federal Satellite Low
2680 Highway 301 South
Jesup, Georgia 31599

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRANDON SAMPLE, ET AL.,           )
v.                                )      06-715 (PLF)
FEDERAL BUREAU OF PRISONS, ET AL. )

## DECLARATION OF BRANDON SAMPLE

I, Brandon Sample, declare under penalty of perjury that the following is true and correct:

**Count One**

1. The Federal Bureau of Prisons (BOP) claims that its push "5" requirement is supported by a valid, rational connection to a legitimate governmental interest because it helps "prevent unwanted calls from inmates to the general public" and "expedite[s] the process by which a recipient of an inmate's call may prevent an inmate from making further calls to that number." Docket Entry 59 at 5. This is untrue. The push "5" requirement has absolutely nothing to do with a call recipient's ability to deny/block further calls from an inmate. Instead, it is the "77" component of the voice prompt that provides called parties with this ability. See Plaintiff's Statement Of Material Facts To Which There Exists No Genuine Issue at ¶ 2 (the voice prompt for domestic prepaid calls states, "This call is from a federal prison. This is a prepaid call. You will not be charged for this call. This call is from (insert name of inmate calling). Hang up to decline the call or to accept the call dial '5' now. To block future prepaid calls from this person, dial '77'") (emphasis added).

Plaintiffs are not challenging the lawfulness of the "77" procedure.

2. While it should be apparent in light of the foregoing that the push "5" requirement has no relation to BOP's interest in protecting the general public from unwanted calls from inmates, Plaintiffs will be able to further prove this point with the deposition of Michael Atwood and several interrogatories. In particular, the deposition of Atwood would reveal that (i) it is the "77" component of the voice prompt, not the push "5" requirement, that gives call recipients the ability to deny/block further calls from an inmate; and (ii) the "77" component fully accommodates BOP's desire to provide called parties with the ability to instantly deny/block their number from inmate calling.

3. Even if the Court were to conclude that the push "5" requirement is generally supported by BOP's protection of the general public theory, it is neither valid or rational to extend this same rationale to calls to courts and government agencies. As with calls to certain family members and friends, I am unable to communicate telephonically with courts and U.S. government agencies due to the push "5" requirement. See also Docket Entry 26-2 at ¶ 11. Courts and agencies of the United States government are, however, not a part of the "general public." Thus, with the deposition of Michael Atwood, I will be able to prove that (i) entities of the United States government have an <u>interest</u> in receiving calls from inmates like other members of the citizenry; (ii) BOP did not intend to prevent telephonic communication between inmates and the U.S.

2

government with the push "5" requirement; and (iii) there is no valid, rational connection between a legitimate governmental interest and the push "5" requirement as applied to prepaid calls to the United States government.

4.  I concede that I have alternative means of exercising my First Amendment rights in lieu of making telephone calls.

5.  Assuming, arguendo, the push "5" requirement was supported by BOP's protection of the "general public" theory, accommodation of my right to make calls to family, friends, courts, U.S. government agencies, and other numbers that are answered by an Automated Telephone Answering System (ATAS) would not unduly burden correctional officers, inmates, or prison resources. BOP claims that it would have to return to its previous system of providing written notification to each individual an inmate placed on his or her permitted telephone list, resulting in "considerable expense" and "a significant drain on BOP's resources," but this is not the case. Docket Entry 59 at 7.

6.  Prior to the implementation of the push "5" and "77" requirements, intended call recipients were notified via mail that their number had been placed on an inmate's telephone list. The purpose of the notification was to afford callers the opportunity to block their number from inmates. Written notification, however, **was not** a prerequisite to the inmate calling. Rather, once a number was added to an inmate's telephone list, the inmate was able to begin calling immediately. If someone who had their number placed on an inmate's telephone list did not wish to receive calls from an

3

inmate, they could <u>block</u> their number by notifying the institution in writing. However, if the person <u>wanted</u> to receive calls from an inmate, they need do nothing. Thus, the costs and burdens associated with the written notice procedure entailed (i) postage for the notification letter, (ii) manpower to send the notification letter, and (iii) manpower to record responses from callers who wanted their number blocked.

7. Under the push "77" requirement, notification is accomplished through a voice prompt which gives called parties the option of blocking further calls to their number by pushing "77." Docket Entry 26-2 ¶ 9. Additionally, call recipients may choose to decline a call, without blocking their number, by simply hanging up. The push "5" requirement, on the other hand, does not affect a callers' ability to deny/block inmates from calling. Instead, it deals with the <u>acceptance</u> of calls from inmates.

8. BOP could accommodate the Plaintiff's request to place domestic prepaid calls absent the push "5" requirement without unduly burdening its staff or resources. For instance, the voice prompt for domestic prepaid calls could be changed to say, "This call is from a federal prison. This is a prepaid call. You will not be charged for this call. This call is from (<u>insert name of inmate calling</u>). Hang up to decline the call. To block future prepaid calls from this person dial "77." Othwerwise, this call will be connected in five seconds." Under this revised procedure, a called party's ability to deny/block calls remains unchanged. The only difference is the elimination of the push "5" requirement in

4

favor of the "otherwise, this call will be connected in five seconds" procedure. While self-explanatory, the called party and the inmate would be automatically connected in five seconds after the "77" announcement if the call recipient does not hang up or block their number by pushing "77."

9.     Utilization of the above procedure in lieu of the push "5" requirement would not require BOP to revert to its prior written notification procedures, would not require any substantive change to the BOP's Inmate Telephone System, and could be done at *de minimis* cost to the BOP. Foremost, though, use of this revised procedure would retain BOP's ability to both "prevent unwanted calls from inmates to the general public and expedite the process by which a recipient of an inmate's call may prevent an inmate from making further calls to that number." Docket Entry 59 at 5. In fact, the deposition of Michael Atwood along with several interrogatories propounded on BOP would confirm each of these things.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. 28 U.S.C. § 1746.

Signed this 14th day of December, 2007.

*[signature]*
Brandon Sample

5

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served this 17th day of December, 2007, via first-class mail, postage prepaid, on:

Christopher B. Harwood
Assistant U.S. Attorney
555 Fourth Street, N.W.
Washington, DC 20530

Bernard Shaw #59469-004
Federal Satellite Low
2680 Highway 301 South
Jesup, Georgia 31599

_____
Brandon Sample