UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRANDON C. SAMPLE, et al., ) | |
| Plaintiffs, ) | |
| v. ) | Civil Action 06-0715 (PLF) |
| FEDERAL BUREAU OF PRISONS, et al., ) | |
| Defendants. ) | |

## STATUS REPORT

Pursuant to this Court's Minute Order dated December 18, 2007, Defendants respectfully submit this Status Report addressing whether the Bureau of Prisons (the "BOP") is exempt from the Paperwork Reduction Act (the "PRA").

In Count 8 of their Second Amended Complaint, Plaintiffs assert that the BOP is in violation of, and should be forced to comply with, the PRA. (Docket No. 22 ¶¶37-39; Docket No. 30 ¶1.) Defendants have moved to dismiss Count 8 on the ground that there is no private right of action under the PRA. (See, e.g., Docket No. 60 at 21; Docket No. 65 at 3.) Defendants have also asserted that Count 8 should be dismissed because the BOP is an agency involved in "the disposition of . . . criminal matter[s]" and is, thus, exempt from the PRA. 44 U.S.C. § 3518(c)(1)(A). (See Docket No. 65 at 3; Docket No. 73, Attachment No. 2, at 3.) The legislative history of the PRA supports Defendants' exemption argument. Indeed, in a report recommending passage of the PRA, the Committee on Governmental Affairs stated that "correctional authorities" were to be exempt from the statute. (See Ex. A at *56 ("The collections of information covered by the exemption for the conduct of criminal investigation, prosecution or d[is]position of a particular matter include direct actions by attorneys, courts,

investigators, or probation, pardon, parole, or correctional authorities to collect information" (emphasis added).).)

Defendants are currently seeking to obtain a formal statement from the Office of Management and Budget (the "OMB")—which is assigned oversight responsibilities with respect to the PRA, see 44 U.S.C. §§ 3502(4), 3504—regarding whether it views the BOP as exempt from the PRA.[1]  Once Defendants obtain such a statement from the OMB, they will file with the Court a report addressing further whether the BOP is exempt from the PRA.  By Minute Order dated December 18, 2007, Defendants were supposed to have filed such a report today.  However, Defendants have not yet been able to obtain a formal statement from the OMB regarding whether it views the BOP as exempt from the PRA.  Although Defendants are diligently pursuing—and are in contact with the OMB regarding—this matter, it remains unclear when they will receive a formal statement from the OMB.

Recently, Plaintiffs requested that "in the interest of judicial economy, . . . the Court defer ruling on their PRA claim[] until [Defendants'] compliance review is finished."  (Docket No. 69, Attachment No. 1, at 12-13.)  Defendants do not object to Plaintiffs' request.  However, Defendants note that, at this point, it is unclear when that compliance review will be completed.  Defendants expect that it will be completed within 60 days, but are wary of making any definitive representations to the Court on this matter.  Defendants cannot complete their compliance review until they receive a formal response from the OMB.

The Court, however, need not wait for Defendants to complete their compliance review to rule on Count 8.  There exist sufficient grounds for the Court to dismiss Count 8.  In Count 8,

---

[1] Initially, Defendants were going to first seek to obtain such a statement from the Department of Justice's Office of the Chief Information Officer.  However, because the OMB is the entity assigned oversight responsibilities with respect to the PRA, Defendants believe it is prudent to focus on obtaining a statement from the OMB.

Plaintiffs asserted a claim arising under the PRA.  (See Docket No. 22 ¶¶37-39; Docket No. 30 ¶1.)  They now concede (as they must) that they do not have a private right of action under the PRA.  (See Docket No. 69, Attachment No. 1, at 12.)  Thus, Count 8 should be dismissed, regardless of whether the BOP is subject to and/or in compliance with the PRA.[2]

          Respectfully submitted,

          /s/
          JEFFREY A. TAYLOR, D.C. BAR #498610
          United States Attorney

          /s/
          RUDOLPH CONTRERAS, D.C. BAR #434122
          Assistant United States Attorney

          /s/
          CHRISTOPHER B. HARWOOD
          Assistant United States Attorney
          555 Fourth St., N.W.
          Washington, D.C.  20530
          Phone: (202) 307-0372
          Fax: (202) 514-8780
          Christopher.Harwood@usdoj.gov

---

[2] In their reply brief in support of their motion to dismiss (Plaintiffs' "reply brief"), Plaintiffs for the first time argued that (1) they can bring a claim to force the BOP to comply with the PRA under the Administrative Procedure Act (the "APA"); and (2) the Court should construe the claim they asserted in Count 8 as arising under the APA (even though Plaintiffs clearly asserted in Count 8 a claim arising under the PRA).  (Docket No. 69, Attachment No. 1, at 12.)  However, Defendants have argued persuasively that, at this late date, Plaintiffs should not be permitted to recast the claim they asserted in Count 8 as arising under the APA.  (Docket No. 73, Attachment No. 2, at 4.)  Defendants have also demonstrated that Plaintiffs cannot use the APA as a means to force the BOP to remedy its alleged deficiencies under the PRA.  (Id.)

**Of Counsel:**

Oliver M. Lewis, Esq.
U.S. Department of State
Washington, D.C.

Wanda Hunt, Esq.
Delaine Martin Hill, Esq.
Bureau of Prisons
Washington, D.C.

## CERTIFICATE OF SERVICE

      I hereby certify that on January 14, 2008, I caused a copy of the foregoing to be served via first class prepaid postage as follows:

**BRANDON C. SAMPLE**
#33949-037
P.O. Box 9300
Texarkana, Texas 75505

**BERNARD SHAW**
#59469-004
FSL Jesup
2680 Highway 301 South
Jesup, Georgia 31599

                                      /s/
                              Christopher B. Harwood