**EXHBIT A**

Westlaw.

S. REP. 96-930                                                                                                                                   Page 1

S. REP. 96-930, S. Rep. No. 930, 96TH Cong., 2ND Sess. 1980, 1980 U.S.C.C.A.N. 6241, 1980 WL 12936 (Leg.Hist.)

**(Cite as: S. REP. 96-930, 1980 U.S.C.C.A.N. 6241)**

P.L. 96-511, PAPERWORK REDUCTION ACT OF 1980
SEE PAGE 94 STAT. 2812
HOUSE REPORT (GOVERNMENT OPERATIONS COMMITTEE) NO. 96-835,
MAR. 19, 1980 (TO ACCOMPANY H.R. 6410)
SENATE REPORT (GOVERNMENTAL AFFAIRS COMMITTEE) NO. 96-930,
SEPT. 8, 1980 (TO ACCOMPANY S. 1411)
CONG. RECORD VOL. 126 (1980)
DATES OF CONSIDERATION AND PASSAGE
HOUSE MARCH 24, DECEMBER 1, 1980
SENATE NOVEMBER 19, 1980
THE HOUSE BILL WAS PASSED IN LIEU OF THE SENATE BILL AFTER
AMENDING ITS LANGUAGE TO CONTAIN THE TEXT OF THE SENATE BILL
THE SENATE REPORT IS SET OUT.

(CONSULT NOTE FOLLOWING TEXT FOR INFORMATION ABOUT OMITTED MATERIAL. EACH COMMITTEE REPORT IS A SEPARATE DOCUMENT ON WESTLAW.)

SENATE REPORT NO. 96-930

\* The requested pages begin below \*

AND ACCOUNTING ACT OF 1921, 31 U.S.C. 21.

SECTION 3516. RULES AND REGULATIONS

THIS SECTION PROVIDES THAT THE DIRECTOR MAY PROMULGATE RULES, REGULATIONS AND PROCEDURES TO EXERCISE THE AUTHORITY PROVIDED BY THIS CHAPTER. THE WORD 'MAY ' INSTEAD OF SHALL IS USED TO CLARIFY THAT THE DIRECTOR MAY EXERCISE THE AUTHORITY CONTAINED IN THIS CHAPTER WITHOUT NECESSARILY RESORTING TO RULES AND REGULATIONS.

SECTION 3517. CONSULTATION WITH OTHER AGENCIES AND THE PUBLIC

THIS SECTION PROVIDES THAT, IN DEVELOPING INFORMATION POLICIES, PLANS, RULES, REGULATIONS, PROCEDURES AND IN REVIEWING INFORMATION COLLECTION \*55 \*\*6295 REQUESTS, THE DIRECTOR IS MANDATED TO CONSULT WITH PERSONS INSIDE AND OUTSIDE THE FEDERAL GOVERNMENT. CONSULTATION WITH THESE PERSONS AND AFFECTED AGENCIES SHALL INCLUDE AN EARLY AND MEANINGFUL OPPORTUNITY TO COMMENT. PERSONS CONSULTED SHALL INCLUDE NOT ONLY THOSE DIRECTLY AFFECTED BY A PARTICULAR POLICY OR INFORMATION REQUEST, BUT ANY INTERESTED PERSON. THE

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

**EXHBIT A**

S. REP. 96-930                                                                                                           Page 2

S. REP. 96-930, S. Rep. No. 930, 96TH Cong., 2ND Sess. 1980, 1980 U.S.C.C.A.N. 6241, 1980 WL 12936 (Leg.Hist.)

**(Cite as: S. REP. 96-930, 1980 U.S.C.C.A.N. 6241)**

POLICIES DEVELOPED PURSUANT TO THIS SECTION SHOULD INCLUDE THE REQUIREMENT THAT IN IMPLEMENTING THEM, AGENCIES ALSO CONSULT WITH THE AFFECTED PUBLIC AND THEREBY BENEFIT FROM ITS ADVICE.

SECTION 3518. EFFECTS ON EXISTING LAWS AND REGULATIONS

SECTION 3518 CONCERNS THE EFFECT OF THIS CHAPTER ON EXISTING LAWS AND REGULATIONS. SECTION 3518(A) STATES THAT, EXCEPT AS OTHERWISE PROVIDED IN THIS CHAPTER, THE AUTHORITY OF AN AGENCY UNDER ANY OTHER LAW TO PRESCRIBE POLICIES, RULES, REGULATIONS, AND PROCEDURES FOR FEDERAL INFORMATION ACTIVITIES IS SUBJECT TO THE AUTHORITY CONFERRED ON THE DIRECTOR BY THIS CHAPTER. AN EXAMPLE OF SUCH AN AGENCY PRESCRIPTION WOULD BE THE ACTUAL MEANS, INSTRUMENTS, OR FORMS USED FOR THE COLLECTION OF INFORMATION.
SECTION 3518(B) STATES THAT NOTHING IN THIS CHAPTER SHALL BE DEEMED TO AFFECT OR REDUCE THE AUTHORITY OF THE SECRETARY OF COMMERCE PURSUANT TO REORGANIZATION PLAN NO. 1 OF 1977, AS AMENDED AND EXECUTIVE ORDER, WHICH RELATE TO TELECOMMUNICATION AND INFORMATION POLICY, PROCUREMENT AND MANAGEMENT OF TELECOMMUNICATIONS AND INFORMATION SYSTEMS, SPECTRUM USE, AND RELATED MATTERS.
THE PURPOSE OF THIS SECTION IS TO MAKE CLEAR THAT THE SECRETARY OF COMMERCE'S AUTHORITY FOR TELECOMMUNICATIONS POLICY FOR THE PRIVATE SECTOR AS OPPOSED TO THE ACQUISITION AND USE OF TELECOMMUNICATIONS BY FEDERAL AGENCIES IS NOT DIMINISHED. THE PRESENT ARRANGEMENT REFLECTING THIS PURPOSE WAS EXPRESSED IN REORGANIZATION PLAN NO. 1 AND EXECUTIVE ORDER 12046 AND IS NOT CHANGED BY THE PROVISIONS OF THIS CHAPTER.
THE TERM 'INFORMATION POLICY' AND 'INFORMATION SYSTEMS' AS THEY APPEAR IN THIS SECTION ARE NOT INTENDED TO REFER TO THE STATISTICAL POLICY FUNCTION ASSIGNED TO THE DIRECTOR BY SECTION 3504. THEY REFER ONLY TO THE DIRECTOR'S 'TELECOMMUNICATIONS' POLICY FUNCTION ASSIGNED BY SECTION 3504(G).
SECTION 3518(C) MAKES CLEAR THAT A COLLECTION OF INFORMATION DURING THE CONDUCT OF GENERAL INVESTIGATIONS WITH REFERENCE TO A CATEGORY OF INDIVIDUALS OR ENTITIES SUCH AS A CLASS OF LICENSEES OR AN ENTIRE INDUSTRY IS COVERED BY THE REQUIREMENTS OF THIS ACT. SECTION 3518(C) DOES HOWEVER, EXEMPT SPECIFIC KINDS OF COLLECTIONS OF INFORMATION FROM THE PROVISIONS OF THIS ACT. COLLECTIONS OF INFORMATION ARE EXCLUDED FROM THE REQUIREMENTS OF THIS ACT: (1) DURING THE CONDUCT OF A FEDERAL CRIMINAL INVESTIGATION OR PROSECUTION, OR DURING THE DISPOSITION OF A PARTICULAR CRIMINAL MANNER; (2) DURING THE CONDUCT OF A CIVIL ACTION TO WHICH THE UNITED STATES OR ANY OFFICIAL OR AGENCY IS A PARTY, OR AN ADMINISTRATIVE ACTION OR INVESTIGATION INVOLVING AN AGENCY AGAINST SPECIFIC INDIVIDUALS OR ENTITIES.
THUS SECTION 3518(C)(1) CREATES CERTAIN EXEMPTIONS FOR CIVIL AND CRIMINAL LAW ENFORCEMENT THAT APPLY TO COLLECTION OF EVIDENCE PURSUANT TO INVESTIGATIONS, WHETHER BEFORE OR AFTER INITIATION OF FORMAL CHARGES. THESE EXEMPTIONS ARE NOT LIMITED TO FORMAL DISCOVERY OR *56 **6296 ANALOGOUS STAGES IN ADMINISTRATIVE PROCESSING AND INCLUDE INTERROGATORIES, DEPOSITIONS AND SUBPOENAS. SECTION 3518(C)(1)(B) COVERS ALL LAW ENFORCEMENT INVESTIGATIONS, AS DISTINGUISHED FROM 'GENERAL INVESTIGATIONS,' PROVIDED FOR IN SECTION 2518(C) (2). THE LANGUAGE IN THIS

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

**EXHBIT A**

S. REP. 96-930                                                                                           Page 3

S. REP. 96-930, S. Rep. No. 930, 96TH Cong., 2ND Sess. 1980, 1980 U.S.C.C.A.N. 6241, 1980 WL 12936 (Leg.Hist.)

(Cite as: S. REP. 96-930, 1980 U.S.C.C.A.N. 6241)

SUBSECTION REGARDING 'AN ADMINISTRATIVE ACTION OR INVESTIGATION INVOLVING AN AGENCY AGAINST SPECIFIC INDIVIDUALS OR ENTITIES' IS INTENDED TO PRESERVE A WELL-SETTLED EXCEPTION FOR SUBPOENAS AND SIMILAR FORMS OF COMPULSORY PROCESS USED FOR THE COLLECTION OF EVIDENCE OR OTHER INFORMATION IN AN ADJUDICATION OR INVESTIGATION FOR LAW ENFORCEMENT PURPOSES. SEE 4 C.F.R.SECTION 10.6(C)(5), (C)(8). SECTION 3518(C)(1)(B) IS NOT LIMITED TO AGENCY PROCEEDINGS OF A PROSECUTORIAL NATURE BUT ALSO INCLUDE ANY AGENCY PROCEEDING INVOLVING SPECIFIC ADVERSARY PARTIES. SIMILAR TO THE COLLECTION OF INFORMATION IN LITIGATION, AN AGENCY'S INTENDED USE OF INVESTIGATORY AND ADJUDICATIVE PROCESS IS SUFFICIENTLY SAFEGUARDED THROUGH JUDICIAL SUPERINTENDENCE TO RENDER UNNECESSARY THE ADMINISTRATIVE CLEARANCE PROCESS OF THIS ACT.

COLLECTIONS OF INFORMATION AS A RESULT OF COMPULSORY PROCESS PURSUANT TO THE ANTITRUST CIVIL PROCESS ACT AND INFORMATION GATHERING ACTIVITIES FOR THE PURPOSES OF FOREIGN AND COUNTERINTELLIGENCE AS DEFINED IN EXECUTIVE ORDER 12036 OR SUCCESSOR ORDERS ARE ALSO EXEMPT.

THE COLLECTIONS OF INFORMATION COVERED BY THE EXEMPTION FOR THE CONDUCT OF CRIMINAL INVESTIGATION, PROSECUTION OR DEPOSITION OF A PARTICULAR MATTER INCLUDE DIRECT ACTIONS BY ATTORNEYS, COURTS, INVESTIGATORS, OR PROBATION, PARDON, PAROLE, OR **CORRECTIONAL AUTHORITIES** TO **COLLECT INFORMATION**.

SECTION 3518(D) STATES THAT NOTHING IN THE ACT SHALL BE INTERPRETED AS INCREASING OR DECREASING THE AUTHORITY CONFERRED BY PUBLIC LAW 89-306 ON THE ADMINISTRATOR OF THE GENERAL SERVICES ADMINISTRATION, THE SECRETARY OF COMMERCE, OR THE DIRECTOR OF THE OFFICE OF MANAGEMENT AND BUDGET. THE LANGUAGE OF SECTION 3518(D) WAS ADOPTED BY THE COMMITTEE AS A RESULT OF A RECOMMENDATION OF THE SECRETARY OF DEFENSE TO CLARIFY THAT THE PROVISIONS OF THE BILL DID NOT EXPAND OR DECREASE THE AUTHORITY CONFERRED BY PUBLIC LAW 89-306, THE BROOKS ACT, WHICH RELATES TO THE PURCHASE OF AUTOMATIC DATA PROCESSING EQUIPMENT.

SECTION 3518(E) PROVIDES THAT NOTHING IN THIS ACT AFFECTS IN ANY WAY THE AUTHORITY OF THE PRESIDENT, THE OFFICE OF MANAGEMENT AND BUDGET OR THE DIRECTOR THEREOF, UNDER THE LAWS OF THE UNITED STATES, WITH RESPECT TO THE SUBSTANTIVE POLICIES AND PROGRAMS OF DEPARTMENTS, AGENCIES AND OFFICES. THIS PROVISION RESULTS FROM CONCERN THAT THE AUTHORITY OF THIS ACT MIGHT BE USED TO INCREASE THE POWER OF OMB OVER SUBSTANTIVE POLICY.

THE COMMITTEE NOTES THAT THERE HAVE BEEN PROBLEMS ALONG THAT LINE IN THE PAST. IT HAS BEEN ARGUED THAT THE FEDERAL REPORTS ACT-- WHICH S.1411 AMENDS-- WAS USED TO INTERFERE WITH REGULATORY POLICY UNDER THE GUISE OF CLEARING INFORMATION REQUESTS. THOSE ARGUMENTS PROMPTED CONGRESS TO REMOVE THE INDEPENDENT AGENCIES FROM OMB SUPERVISION BACK IN 1973-- AND PLACE THOSE AGENCIES UNDER GAO.

THE BILL HAS PROVISIONS TO GUARD AGAINST THAT. SECTION 3518(E) PROVIDES THAT THE BILL DOES NOT AFFECT IN ANY WAY THE POWERS OF THE PRESIDENT OR OMB RESPECTING THE SUBSTANCE OF AGENCY POLICIES. THUS S. 1411 DRAWS AN IMPORTANT DISTINCTION BETWEEN PAPERWORK MANAGEMENT AND SUBSTANTIVE DECISIONS.

*57 **6297 SECTION 3519. ACCESS TO INFORMATION

THIS SECTION PROVIDES THAT UNDER THE CONDITIONS AND PROCEDURES PRESCRIBED IN SECTION 313 OF THE BUDGET AND ACCOUNTING ACT OF 1921, AS AMENDED (31 U.S.C. 54), THE

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

**EXHBIT A**

S. REP. 96-930 Page 4

S. REP. 96-930, S. Rep. No. 930, 96TH Cong., 2ND Sess. 1980, 1980 U.S.C.C.A.N. 6241, 1980 WL 12936 (Leg.Hist.)

**(Cite as: S. REP. 96-930, 1980 U.S.C.C.A.N. 6241)**

COMPTROLLER GENERAL OF THE UNITED STATES, OR HIS DESIGNATED REPRESENTATIVES SHALL HAVE ACCESS TO ALL BOOKS, DOCUMENTS, PAPERS, AND RECORDS OF THE OFFICE OF INFORMATION AND REGULATORY AFFAIRS WITHIN OMB.

THE CONDITIONS UNDER 31 U.S.C. 54 LIMIT ACCESS TO SUCH MATERIALS ONLY WHEN COURT PROCEDURES ARE SOUGHT BY THE COMPTROLLER OR A REPRESENTATIVE TO ENFORCE THE COMPTROLLER'S GENERAL ACCESS AUTHORITY. THOSE CONDITIONS DO NOT LIMIT THE COMPTROLLER'S INITIAL ACCESS RIGHT UNDER 31 U.S.C. 54(A).

SECTION 3520. APPROPRIATIONS

SECTION 3520 AUTHORIZES APPROPRIATIONS TO CARRY OUT PROVISIONS OF CHAPTER 35, AND FOR NO OTHER PURPOSE, THE FOLLOWING AMOUNTS FOR THE FISCAL YEARS

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.