UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRANDON C. SAMPLE, et al., ) | |
| Plaintiffs, ) | |
| v. ) | Civil Action 06-0715 (PLF) |
| FEDERAL BUREAU OF PRISONS, et al., ) | |
| Defendants. ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR AN ORDER DIRECTING DEFENDANTS TO FILE A SUPPLEMENTAL RESPONSE REGARDING COUNT 14**

In Count 14 of their Second Amended Complaint, Plaintiffs assert that this Court should issue an order pursuant to the Administrative Procedure Act (the "APA") or a writ of mandamus requiring the Bureau of Prisons (the "BOP") to rectify its alleged deficiencies under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a)(2)(A)-(C) and (a)(3)(B), and: (1) publish all of the documents that fall within the 13 categories of documents referenced in Count 14 (the "Documents") on its public website; and (2) maintain electronic copies of its records. (See Docket No. 30 ¶¶51-57.)

Defendants have fully briefed their threshold arguments as to why the claims asserted in Count 14 should be dismissed. (See Docket No. 60 at 22-25; Docket No. 67 at 2-5; Docket No. 75 at 5-10.) In addition to arguing that Plaintiffs lack standing to bring those claims,[1]

---

[1] As prisoners, Plaintiffs do not have access to the internet. (See Docket No. 67 at 2.) Thus, they cannot establish, inter alia, that they have been harmed by the BOP's alleged failure to publish the Documents on its public website. (See id.) Plaintiffs maintain that they have suffered a cognizable injury because a non-incarcerated third party has purportedly agreed to send them materials from the BOP's public website and has herself been unable to access the Documents. (See Docket No. 79 at 15.) However, that link is too attenuated to confer standing

Defendants have argued that Count 14 should be dismissed because: (1) even if the BOP is in violation of § 552(a)(2)(A)-(C) and its obligation to publish, Plaintiffs cannot use the APA or a writ of mandamus as a means to force the BOP to comply with that statutory provision and publish the Documents; and (2) the BOP is not obligated to maintain its records in electronic (as opposed to paper) form. (See id.) Defendants have also argued that if this Court were to reject their threshold arguments, it should nevertheless provide them with an opportunity to show why Plaintiffs' claim that the BOP should be required to publish the Documents on its public website pursuant to § 552(a)(2)(A)-(C) fails on the merits. As justification for their position, Defendants have demonstrated that at least 3 of the 13 categories of Documents clearly fall outside the scope of § 552(a)(2)(A)-(C). (See Docket No. 75 at 6-7.)

Plaintiffs have now moved for an order directing Defendants to file a supplemental brief (to which Plaintiffs would then have an opportunity to respond) addressing whether the remaining 10 categories of Documents fall outside the scope of § 552(a)(2)(A)-(C). While Defendants continue to believe that many, if not all, of the remaining categories of Documents (which include the BOP's responses to all FOIA requests and Federal Tort Claims Act claims) fall outside the scope of § 552(a)(2)(A)-(C), they do not believe that they should be put to the burden of fully briefing their merits-based arguments before this Court has had an opportunity to consider their threshold arguments for dismissal. A decision on Defendants' threshold arguments may obviate the need for further briefing on the merits.

---

on Plaintiffs. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (to have standing, a "plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical" (internal quotation marks and citations omitted)).

Moreover, Plaintiffs have indicated that they may seek leave to amend Count 14. (Docket No. 81 at n.1.) There certainly should be no additional briefing on issues raised in Count 14 while Plaintiffs are considering whether to amend their pleading.[2]

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court DENY Plaintiffs' motion for an order directing Defendants to file a supplemental response regarding Count 14.

                Respectfully submitted,

                 /s/
                JEFFREY A. TAYLOR, D.C. BAR #498610
                United States Attorney

                 /s/
                RUDOLPH CONTRERAS, D.C. BAR #434122
                Assistant United States Attorney

                 /s/
                CHRISTOPHER B. HARWOOD
                Assistant United States Attorney
                555 Fourth St., N.W.
                Washington, D.C.  20530
                Phone: (202) 307-0372
                Fax: (202) 514-8780
                Christopher.Harwood@usdoj.gov

---

[2] Defendants may well oppose any motion to amend at this late stage.

**Of Counsel:**

Oliver M. Lewis, Esq.
U.S. Department of State
Washington, D.C.

Wanda Hunt, Esq.
Delaine Martin Hill, Esq.
Bureau of Prisons
Washington, D.C.

4

## CERTIFICATE OF SERVICE

      I hereby certify that on January 25, 2008, I caused a copy of the foregoing to be served via first class prepaid postage as follows:

**BRANDON C. SAMPLE**
#33949-037
P.O. Box 9300
Texarkana, Texas 75505

**BERNARD SHAW**
#59469-004
FSL Jesup
2680 Highway 301 South
Jesup, Georgia 31599

                                              /s/
                                    Christopher B. Harwood