UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
FEB 2 5 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| BRANDON SAMPLE, ET AL., | ) |
| v. | )   06-715 (PLF) |
| FEDERAL BUREAU OF PRISONS, ET AL. | ) |

**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR AN ORDER DIRECTING DEFENDANTS TO FILE A SUPPLEMENTAL RESPONSE REGARDING COUNT 14**

For the reasons set forth in the Plaintiffs' Reply to Defendants' Response to Plaintiff's Reply On Their Motion for Summary Judgment filed contemporaneous herein, BOP's threshold arguments regarding Count 14 should be rejected. The Court should not hesitate to require the BOP to fully brief its position regarding Count 14 in order to ensure the just and speedy determination of the case. Fed.R.Civ.P.1.[1]

Wherefore, premises considered, Plaintiffs respectfully

---

[1] Plaintiffs would like to offer this additional tidbit with respect to the standing issue. Despite BOP's protestations to the contrary, Plaintiffs' ability to access the Internet is irrelevant to the standing analysis for Count 14. In Sample v. Bureau of Prisons, 486 F.3d 1086 (D.C. Cir. 2006), Sample lacked access to inspect the records he was seeking in electronic format. Id. Nevertheless, that did not affect Sample's standing to bring his FOIA claim. There is no substantive difference between Sample and the instant case on the issue of standing. In addition, BOP overlooks the fact that disclosure under FOIA is not limited to just the Plaintiffs. FOIA speaks in terms of making records available to the public, not just the requester. This is precisely why the Supreme Court has oft stated that "if information is subject to disclosure, it belongs to all." National Archives & Records Admin. v. Favish, 541 U.S. 157, 172 (2004). BOP cannot circumscribe the scope of FOIA's disclosure provisions to only the Plaintiffs in order to defeat their standing. U.S. Dep't of Defense v. Federal Labor Relations Aut., 510 U.S. 487, 496 (1994) ("the identity of the requesting party has no bearing on the merits of his or her FOIA request") (internal citations and quotation marks omitted).

request the Court order BOP to file a supplemental response raising any additional argument it wishes to present regarding Count 14 (and permit Plaintiffs to file a reply thereto).[2]

                                        Respectfully submitted,

*[signature]*
Brandon Sample   #33949-037
Federal Prison Camp
P.O. BOX 9300
Texarkana, Texas 75505

*[signature]*
Bernard Shaw #59469-004
Federal Satellite Low
2680 Highway 301 South
Jesup, Georgia 31599

---

[2] In assessing BOP's threshold arguments, the Court should follow <u>Commonwealth of Pennsylvania Department of Public Welfare v. U.S. Dep't. of Health and Human Services</u>, 2001 U.S. Dist. Lexis 3492 (W.D. Penn. 2001). In a very thoughtful and careful opinion, the court in <u>Commonwealth</u> rightly rejected similar arguments by the government regarding the availability of relief under the APA for violations of FOIA, and a party's standing to bring such claims. <u>Id.</u> at * 24-42, 62-71. Like the plaintiff in <u>Commonwealth</u>, Plaintiffs do not seek to prevent BOP from enforcing certain policies. <u>Id.</u> at * 31. Rather, Plaintiffs seek an order requiring BOP to comply with its FOIA obligation to make certain records available via computer telecommunication means. Such an order is needed in order to end BOP's practice of developing and maintaining "secret law."

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served this 19th day of February, 2008, via first-class mail, postage prepaid, on the following:

Chistopher B. Harwood
Assistant U.S. Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530

_____
Brandon Sample