UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**RECEIVED**
FEB 2 5 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

BRANDON SAMPLE, ET AL.,                )

v.                                     )    06-715 (PLF)

FEDERAL BUREAU OF PRISONS, ET AL.      )

### PLAINTIFFS' RENEWED MOTION FOR APPOINTMENT OF COUNSEL

Plaintiffs Brandon Sample and Bernard Shaw would like to renew their request for appointment of counsel in this case. While guided by Local Civil Rule 83.11 in determining whether to appoint counsel, a "district court has a plain duty to appoint counsel to assist the plaintiff when necessary to insure that that an indigent prisoner's allegations receive fair consideration." Gaviria v. Reynolds, 476 F.3d 940, 944 (D.C. Cir. 2007) (internal quotations and alterations omitted). Plaintiffs respectfully submit that appointment of counsel is necessary in order to ensure that the Plaintiffs' allegations surrounding Count One receive fair consideration.

Count One of the Plaintiffs' Second Amended Complaint deals with whether the Bureau of Prisons ("BOP") push "5" requirement was promulgated in violation of the Administrative Procedures Act ("APA") or violates the First Amendment. The APA side of Count One is relatively simple, but whether the push "5" requirement violates the First Amendment is a more difficult question. For instance, the Court must first decide what is the appropriate standard of review.

Initially, Plaintiffs believed that Turner v. Safley, 482 U.S. 78 (1987) and its "reasonably related to legitimate

penological interests" test controlled, but they are not so sure anymore. In <u>Washington v. Reno</u>, 35 F.3d 1093 (6th Cir. 1994), the court reserved judgment on whether <u>Turner</u> applied in a similar challenge to the BOP's telephone regulations noting that <u>Procunier v. Martinez</u>, 416 U.S. 396 (1974) might apply instead because the telephone regulations at issue there, like here, involve communication <u>outside</u> the correctional institution. <u>Washington</u>, at 1100 n.8. (emphasis in original). Plaintiffs believe <u>Procunier</u> more likely applies and have briefed same, but they have very limited legal resources and have no way to really give this issue the attention it deserves.

More difficult than the appropriate legal standard is the factual inquiry related to Count One. Assuming either <u>Procunier</u> or <u>Turner</u> applies, discovery will be necessary in order to create genuine issues of material fact regarding whether, among other things, the push "5" requirement as applied to calls to government agencies is lawful, what sort of costs would be associated with reverting to BOP's prior written notice procedures, whether implementation of an inmate do-not-call registry, similar to the do-not-call registry used by the FTC in preventing unwanted calls from telemarketers, would be a cost-effective, reasonable alternative, and how BOP is able to protect international call recipients from unwanted inmate calls absent the push "5" requirement.

In <u>Beard v. Banks</u>, 126 S. Ct. 2572 (2006), the Supreme Court in a plurality opinion noted the difficulty prisoners have in meeting <u>Turner</u>'s deferential standard. While it is unclear

2

whether Turner or Procunier applies to the instant case, the Court noted "it is not inconceivable that a plaintiff's counsel, through rigorous questioning of officials by means of depositions, could demonstrate genuine issues of fact for trial." Id. Plaintiffs take this passage from Beard to reinforce the necessity of appointment counsel in cases like this one. Plaintiffs do not have the means to hire a court reporter or otherwise deal with the intricacies of discovery. All of these things are best left to able counsel.

Wherefore, premises considered, Plaintiffs respectfully request the Court appoint counsel for the Plaintiffs.[1]

                                        Respectfully submitted,

/s/ Brandon Sample
Brandon Sample #33949-037
Federal Prison Camp
P.O. BOX 9300
Texarkana, Texas 75505

/s/ Bernard Shaw
Bernard Shaw #59469-004
Federal Satellite Low
2680 Highway 301 South
Jesup, Georgia 31599

---

[1] As indicated in the Plaintiffs' first motion for appointment of counsel, Plaintiffs were unable to obtain to counsel on their own.

<u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing was served this 15th day of February, 2008, via first-class mail, postage prepaid, on the following:

Chistopher B. Harwood
Assistant U.S. Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530

_____
Brandon Sample