UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| BRANDON C. SAMPLE, et al.,               )<br>                                                                )<br>            Plaintiffs,                                 )<br>                                                                )<br>            v.                                               )<br>                                                                )<br>FEDERAL BUREAU OF PRISONS, et al.,  )<br>                                                                )<br>            Defendants.                            )<br>_____) | Civil Action 06-0715 (PLF) |

### DEFENDANTS' RESPONSE TO PLAINTIFFS' RENEWED MOTION FOR APPOINTMENT OF COUNSEL

In this lawsuit, Plaintiffs are challenging, inter alia, the "push 5" requirement of the Bureau of Prison's inmate telephone system. Plaintiffs claim that the "push 5" requirement is unlawful because, inter alia, it violates their First Amendment rights.

Recently, Plaintiffs filed a renewed motion for appointment of counsel. (See Docket No. 91.)[1] Plaintiffs assert that they require counsel to help them: (1) determine which standard of review should be applied to their constitutional challenge to the "push 5" requirement; and (2) conduct discovery on matters related to their constitutional challenge to the "push 5" requirement. (See id. at 1-2.)

Defendants take no formal position with respect to Plaintiffs' renewed motion for appointment of counsel. That said, Defendants do not believe that it would be a productive use of resources to appoint counsel to assist Plaintiffs with their constitutional challenge to the "push 5" requirement. Defendants' March 24, 2008 Cross-Motion for Summary Judgment conclusively establishes that: (1) the standard of review set forth in Turner v. Safley, 482 U.S.

---

[1] This Court has previously denied Plaintiffs' request for appointment of counsel. (See Feb. 9, 2007 Minute Order.)

78, 89-91 (1987), governs Plaintiffs' constitutional challenge to the "push 5" requirement; and (2) the "push 5" requirement passes constitutional muster under that standard. Thus, it is hard to see any benefit that would be gained by appointing counsel to assist Plaintiffs with their constitutional challenge to the "push 5" requirement. See Willis v. F.B.I., 274 F.3d 531, 532-33 (D.C. Cir. 2001) (in evaluating a motion for the appointment of counsel, a court should consider, among other things, the potential merit of the moving party's claim).

Dated: March 24, 2008                                  Respectfully submitted,

                                                 /s/
                                  JEFFREY A. TAYLOR, D.C. BAR # 498610
                                  United States Attorney

                                                 /s/
                                  RUDOLPH CONTRERAS, D.C. BAR # 434122
                                  Assistant United States Attorney

                                                 /s/
                                  CHRISTOPHER B. HARWOOD
                                  Assistant United States Attorney
                                  555 Fourth St., N.W.
                                  Washington, D.C. 20530
                                  Phone: (202) 307-0372
                                  Fax: (202) 514-8780
                                  Christopher.Harwood@usdoj.gov

**Of Counsel:**

Wanda Hunt, Esq.
Delaine Martin Hill, Esq.
Bureau of Prisons
Washington, D.C.

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 24, 2008, I caused a copy of the foregoing to be served via first class prepaid postage as follows:

**BRANDON C. SAMPLE**
#33949-037
P.O. Box 9300
Texarkana, Texas 75505

**BERNARD SHAW**
#59469-004
FSL Jesup
2680 Highway 301 South
Jesup, Georgia 31599

                                              /s/
                                    Christopher B. Harwood