UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRANDON C. SAMPLE, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>FEDERAL BUREAU OF PRISONS, et al., )<br>)<br>Defendants. )<br>) | Civil Action 06-0715 (PLF) |

## THE BUREAU OF PRISON'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO REINSTATE COUNT NINE

On September 4, 2007, the Bureau of Prisons (the "BOP") and Plaintiff Brandon C. Sample ("Plaintiff") entered into a Stipulation of Settlement and Dismissal (the "Stipulation of Settlement") pursuant to which they agreed to "settle and compromise Count Nine of the above-entitled lawsuit." (Docket No. 52 at ¶1.) The Stipulation of Settlement provides, in relevant part, that Plaintiff is to "receive a redacted copy of the December 2003 BOPDOCs CD Rom, without imposition of processing fees. All proprietary software will be removed." (Id. at ¶2.)

Plaintiff has now moved to reinstate Count Nine on the grounds that (1) he has not yet received the December 2003 BOPDOCs CD Rom (the "CD Rom"); and (2) the BOP is going to make redactions to the CD Rom. (See Docket No. 99.) Plaintiff's motion should be denied because: (1) on April 29, 2008, the BOP mailed Plaintiff a copy of the CD Rom; and (2) any "redact[ion]" or "remov[al]" of information from the CD Rom was entirely appropriate.

Plaintiff believes that under the Stipulation of Settlement, the BOP is permitted to remove all proprietary software from the CD Rom, but that it is not authorized to make any redactions to the CD Rom pursuant to the Freedom of Information Act ("FOIA"). (See id.) By contrast, the

BOP reads—and has always understood—the Stipulation of Settlement as authorizing it both to remove proprietary software from the CD Rom <u>and</u> to redact materials on the CD Rom under FOIA. As demonstrated below, the BOP's reading of the Stipulation of Settlement is correct and should be given effect.

On its face, the Stipulation of Settlement gives the BOP the right both to make "redact[ions]" to the CD Rom and to "remove[]" all proprietary software from the CD Rom: "Plaintiff will receive a <u>redacted</u> copy of the December 2003 BOPDOCs CD Rom . . . . All proprietary software will be <u>removed</u>." (Docket No. 52 at ¶2 (emphasis added).) It is a cardinal principal of contract construction that the terms "redacted" and "removed" must each be given effect. <u>See</u> Restatement (Second) of Contracts § 203 ("an interpretation which gives a reasonable, lawful, and effective meaning to all the terms is preferred to an interpretation which leaves a part unreasonable, unlawful, or of no effect"); <u>see also</u> <u>Segar v. Mukasey</u>, 508 F.3d 16, 22 (D.C. Cir. 2007) ("it is a cardinal principle of contract construction . . . that a document should be read to give effect to all its provisions"). Plaintiff would have this Court ignore that settled principal and conflate the terms "redacted" and "removed" and, thereby, read the term "redacted" out of the agreement. That this Court should not do. <u>See</u> <u>Fort Sumter Tours, Inc. v. Babbitt</u>, 202 F.3d 349, 357 (D.C. Cir. 2000) (refusing to accept the plaintiff's interpretation of the contract because to do so would require the Court "to read [a particular] provision out of the contract"). The BOP's right both to "remov[e]" proprietary software from the CD Rom and to make "redact[ions]" to the CD Rom is unambiguous and, therefore, must be enforced.[1]

---

[1] If this Court were to find that the BOP does not have the unambiguous right both to "remov[e]" proprietary software from the CD Rom and to make "redact[ions]" to the CD Rom, then it should find the Stipulation of Settlement to be invalid on the ground that there was no "meeting of the minds" with respect to its "material terms." <u>See</u> <u>Segar</u>, 508 F.3d at 22 (internal

2

Moreover, there can be no dispute that the redactions to the CD Rom were proper under FOIA. Relying on FOIA exemption (b)(2),[2] the BOP redacted only the following information from the CD Rom:

- the "[t]elephone directory of [the BOP's] Psychology Staff," which includes "pager/beeper numbers";

- "[p]olicy documents" that "provide instructions to staff detailing security procedures" within the BOP, including procedures concerning such "critical correctional subjects . . . as inmate accountability, emergency procedures, and inmate investigations"; and

- "internal news letters" and "[m]anuals written to provide technical guidance to [BOP] staff concerning the operation of various computer programs, systems and databases involving the internal operations of the Federal Bureau of Prisons." The internal news letters and manuals "[p]rovide[] detailed instructions and other information on how to operate [the BOP's] computer systems." "Release of the technical information contained in the internal news letters and manuals . . . could allow an outsider to gain unauthorized access to the BOP's internal computer programs, systems and databases and, thereby, undermine BOP security." In addition, "inmates are constantly in close proximity to staff working with internal computer programs," and release of the redacted materials could provide inmates with the knowledge they would need to gain access to secure computer information.

(Moorer Decl. at 2-3.)[3] Such redactions are plainly appropriate. See Miller v. Dep't of Justice, No. 87-0533, 1989 WL 10598, at *1-2 (D.C. Cir. 1989) (allowing the BOP to withhold under exemption (b)(2) information relating to prison security); Truesdale v. Dep't of Justice, No. 03-1332, 2005 WL 3294004, at *4 (D.D.C. Dec. 5, 2005) (permitting the withholding of "telephone and facsimile numbers of FBI offices and special agents" because the information "related to the internal practices of the FBI," and its disclosure "would serve no public benefit" and "would disrupt official business and could subject the FBI's employees to harassing telephone calls").

---

quotation marks omitted). What this Court should not do is adopt Plaintiff's contrived interpretation of the Stipulation of Settlement.

[2] The applicable FOIA exemption permits the withholding of matters that are "related solely to the internal personnel rules and practices of an agency." 5 U.S.C. § 552(b)(2).

[3] Citations in the form "(Moorer Decl. at __)" refer to the Declaration of Wilson Moorer, which is attached hereto as Ex. 1.

3

In light of the above, Plaintiff's motion to reinstate Count Nine should be denied for two reasons.  <u>First</u>, it is based upon a fundamental misreading of the parties' Stipulation of Settlement.  <u>Second</u>, it is futile.  In Count Nine, Plaintiff sought the production of the CD Rom pursuant to FOIA.  (<u>See</u> Am. Compl. ¶41.)  Defendant has now produced the CD Rom with redactions that are plainly appropriate under FOIA.  Thus, even if reinstated, Count Nine could not survive a dispositive motion.

For the foregoing reasons, Plaintiff's motion to reinstate Count Nine should be DENIED.

Dated:  April 29, 2008                                          Respectfully submitted,


       /s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

       /s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

       /s/
CHRISTOPHER B. HARWOOD
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C.  20530
Phone: (202) 307-0372
Fax: (202) 514-8780
Christopher.Harwood@usdoj.gov

**Of Counsel:**

Wanda Hunt, Esq.
Delaine Martin Hill, Esq.
Bureau of Prisons
Washington, D.C.

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 29, 2008, I caused a copy of the foregoing to be served via first class prepaid postage as follows:

**BRANDON C. SAMPLE**
#33949-037
P.O. Box 9300
Texarkana, Texas 75505

                                            /s/
                                  Christopher B. Harwood