UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Brandon Sample, et. al, )<br>)<br>Plaintiff, )<br>)<br>v )<br>)<br>Bureau of Prisons, et al., )<br>)<br>Defendants. )<br>)<br>_____) | Civil Action No. 06-cv-715 |

### DECLARATION OF WM E. BAUMGARTEL

I, Wm E. Baumgartel, hereby declare and state the following:

1. I am currently employed as a Senior Paralegal Specialist for the Federal Bureau of Prisons ("BOP") in Washington, D.C. Specifically, I work in the Freedom of Information Act Section, Legal Administrative Branch of the Office of General Counsel. I have been employed in my current position since April 2006, and have been employed with the Bureau of Prisons since August 1993.

2. As part of my duties I have access to the files and database used to maintain and catalog requests filed with the BOP pursuant to the Freedom of Information Act ("FOIA").

3. The BOP has a policy which expressly and categorically prohibits inmates from possessing or receiving copies of their Presentence Investigation Report ("PSR") or the Statement of

EXHIBIT 4

Reasons ("SOR") portion of their Judgement in a Criminal Case. This prohibition is addressed by Program Statement 1351.05, Release of Information, §12(a)(2)(d). A true and accurate copy of the relevant portions from this policy are provided as Attachment 1. In relevant part this policy states:

> Federal Presentence Reports (PSR) and Statements of Reasons (SOR) from Judgements in Criminal Cases. For safety and security reasons, inmates are prohibited from obtaining or possessing photocopies of their PSRs, SORs, or other equivalent non-U.S. Code sentencing documents (e.g., D.C., state, foreign, military, etc.) Inmates violating this provision are subject to disciplinary action.

4. This policy was adopted by the BOP as a safety measure due to the nature of the information sometimes contained in the PSRs and SORs of certain inmates. Prior to adoption of this policy inmates would often request to see copies of another inmates PSR or SOR so as to determine their assistance to the government, financial resources, or community affiliations. Additionally, inmates have been noted as using these documents to establish government informants, gang members, former law enforcement officials or pedophiles. All of these affiliations may endanger the safety and life of the inmate should they become known within the general prison population. This blanket prohibition from releasing PSRs and SORs to incarcerated inmate FOIA requestors is applied pursuant to 5 U.S.C. §552(b)(7)(F).

5. Despite this prohibition against inmates from obtaining and possessing copies of their PSR

2

EXHIBIT 4

or SOR, inmates are afforded access and an opportunity to personally review these documents. Specifically, Inmates may request to review their PSR or SOR simply by submitting a request to their Unit Team. They are in turn afforded a reasonable opportunity to review theses documents and make any necessary hand written notes concerning the information contained therein. Should an inmate require submission of their PSR to a court, the BOP has also implemented procedures to ensure this is accomplished pursuant the inmates's request.

6. On November 16, 2006, I established Brandon Sample submitted BOP FOIA Request Number 2004-06254. The description for request indicates "Inmate Brandon Sample wants to view Richard Painter's PSR." The request was received on May 12, 2004, and rejected the same day. The comment section covering the decision to reject this case simply notes: "Access [is] denied." This rejection of Samples request is consistent with the BOP's across the board concerns regarding inmates viewing the contents of another inmate's PSR due to safety and security reasons. Despite Sample's contention he had written authorization to review inmate Richard Paiter's PSR, such authorization would not overrule the safety and security concerns with inmates reviewing another inmate's PSR or SOR.

7. My review of FOIA Request Number 2004-06254 failed to indicate he ever filed an appeal of this rejection with Department of Justice, Office of Information and Privacy.

3

EXHIBIT 4

8.  The decision not to release a copy of Sample's own PSR to him is also in keeping with the BOP's policy as noted above. As he noted in his Petition, he was advised his ability to access these documents for personal review and inspection fulfilled the FOIA's access provisions.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 16th day of November 2006 in Washington, D.C.

*Wm E. Baumgartel*
Wm E. Baumgartel
Senior Paralegal Specialist
Legal Administration Branch
Federal Bureau of Prisons

4

**EXHIBIT 4**