

U.S. Department of Justice
Federal Bureau of Prisons

# Program Statement

OPI: OGC
NUMBER: 1351.05
DATE: 9/19/2002
SUBJECT: Release of Information

### PART ONE: [GENERAL PROVISIONS AND PROCEDURES]

1. **[PURPOSE AND SCOPE § 513.30. This subpart establishes procedures for the release of requested records in possession of the Federal Bureau of Prisons ("Bureau"). It is intended to implement provisions of the Freedom of Information Act (FOIA), 5 U.S.C. 552, and the Privacy Act, 5 U.S.C. 552a, and to supplement Department of Justice (DOJ) regulations concerning the production or disclosure of records or information, 28 CFR part 16.]**

The Freedom of Information Act (FOIA) and the Privacy Act (PA) interact with each other in two areas:

- When any person requests access to records about himself or herself, both statutes become potentially applicable;

- When any person requests access to another individual's record through the FOIA, the Privacy Act may prohibit the disclosure of that record unless FOIA requires it.

The determination of what information may be released requires Bureau staff to have a basic understanding of both the FOIA and the Privacy Act, as well as a working knowledge of DOJ and Bureau policy. Bureau staff also should be aware that the Privacy Act establishes criminal penalties and civil liabilities for unauthorized disclosures. The appropriate Regional Counsel shall be contacted when staff are uncertain whether requested information may be disclosed.

Staff shall become familiar with the policy governing release of information, with special emphasis upon those areas with direct application to the employee's job.

Information requests submitted by the union pursuant to 5 U.S.C. § 7114 will be addressed in accordance with this provision and relevant case law.

**[Bold Type - Rules]**
Regular Type - Implementing Information

**EXHIBIT 5**

PS 1351.05
9/19/2002
Page 15

    (c)  **Documents from Non-Federal Agencies.**  If a document has been received from a source outside the Federal government (e.g., a state agency), it shall be placed in the Privacy Folder, except as provided in section 12, first paragraph (28 CFR 513.40).

    When a request for records includes a document from a non-Federal agency, Bureau staff must make a determination of its releasability in consultation with the non-Federal organization (see Attachment D).  If the originating non-Federal agency recommends non-disclosure, and Bureau staff determine that non-disclosure is appropriate under 28 CFR 513.32, staff shall document the rationale for non-disclosure and place the document in the Privacy Folder.

    (d)  **Documents from Federal Courts and Probation Offices**

    (1)  **Federal Presentence Reports (PSR) and Statements of Reasons (SOR) from Judgments in Criminal Cases.  For safety and security reasons, inmates are prohibited from obtaining or possessing photocopies of their PSRs, SORs, or other equivalent non-U.S. Code sentencing documents (e.g., D.C., state, foreign, military, etc.).**  Inmates violating this provision are subject to disciplinary action.

    This prohibition applies only to the SOR portion of an inmate's Judgment in a Criminal Case.  The rest of the Judgment document remains releasable unless circumstances or policy dictate otherwise.  PSRs and SORs received by mail will be treated as contraband, and handled according to the Mail Management Manual.

    This prohibition does not apply to inmates in Bureau of Prisons custody with a need to review their PSRs prior to sentencing.  For example, a pretrial inmate scheduled for sentencing may possess and review the PSR in preparation for sentencing.  After sentencing, however, the inmate is prohibited from retaining a copy of the PSR.

    The Bureau implemented this policy for the following reasons.

- Many PSRs and SORs contain information regarding the inmates' government assistance, financial resources, community affiliations, etc.

- The Bureau has documented an emerging problem where inmates pressure other inmates for a copy of their PSRs and SORs to learn if they are informants, gang members, have financial resources, etc.

**EXHIBIT 5**

- Inmates who refuse to provide the documents are threatened, assaulted, and/or seek protective custody. Likewise, inmates providing PSRs and SORs containing harmful information are faced with the same risks of harm.

Inmates needing a copy of their PSRs or SORs for filing as an attachment in a court case may obtain, complete, and submit to the court an Inmate Request For Certification or Judicial Notice of Pre-sentence Report and/or Statement of Reasons form (BP-S757.013). The form, which includes instructions for completion, must be available to inmates in the housing units and law libraries.

Although prohibited from obtaining or possessing photocopies, federal inmates are entitled under the FOIA to access their own PSRs (see United States Department of Justice v. Julian, 486 U.S. 1 (1988)) and SORs. Inmates must be provided reasonable opportunities to access and review their PSRs, SORs, or other equivalent non-U.S. Code sentencing documents (e.g., D.C., state, foreign, military, etc.). Inmates are responsible for requesting an opportunity to access and review these records with unit staff in accordance with the Program Statement on Inmate Central File, Privacy Folder, and Parole Mini-Files. **To facilitate inmate access and review, PSRs and SORs should ordinarily be maintained in the disclosable portion of the central file unless significant safety and security concerns dictate otherwise.**

In addition to the above procedures, other provisions of the FOIA may require limiting inmate access to PSRs and SORs. Third party requests for inmate PSRs and SORs should be handled according to Section 29 of this Program Statement.

Staff must maintain PSRs as follows:

- A PSR prepared **on or after December 1, 1975,** is to be placed in the disclosable portion of the Inmate Central File.

- A PSR prepared **before December 1, 1975,** is to be returned to the sentencing court with a cover letter indicating that the PSR is being returned based on the Supreme Court's decision in Julian and the fact that the PSR was not prepared with the expectation of release. No copy of the returned PSR is to be maintained at the institution, although relevant material from the PSR may be incorporated into other documents.

**EXHIBIT 5**

PS 1351.05
9/19/2002
Page 17

- Documents which the sentencing court has sealed or otherwise labeled as not disclosable to the inmate must be placed in the privacy folder. Questions regarding such documents should be referred to the Regional Counsel.

(2) **Documents Other than Federal PSIs.** Generally, documents originating in a Federal court or probation office shall be placed in the Privacy Folder if the documents are clearly marked to indicate that disclosure to the inmate is unadvisable. Other documents, such as a court-ordered study the Bureau prepared, shall be referred to the requesting court for that court's instructions as to disclosure. A copy of the document shall be maintained in the Privacy Folder until a final determination is made regarding its disclosure.

When Bureau staff reclassify a document from non-disclosable to disclosable, subsequent to any information request encompassing that document, staff shall place the reclassified document in the disclosable section of the Inmate Central File.

[b. **Procedures for Inmate Review of His or Her Inmate Central File**.

(1) Prior to the inmate's review of the file, staff are to remove the Privacy Folder which contains documents withheld from disclosure pursuant to § 513.32.

(2) During the file review, the inmate is to be under direct and constant supervision by staff. The staff member monitoring the review shall enter the date of the inmate's file review on the Inmate Activity Record and initial the entry. Staff shall ask the inmate to initial the entry also, and if the inmate refuses to do so, shall enter a notation to that effect.

(3) Staff shall advise the inmate if there are documents withheld from disclosure and, if so, shall advise the inmate of the inmate's right under the provisions of § 513.61 to make a FOIA request for the withheld documents.]

28 CFR 513.32 refers to Section 7 of this Program Statement.
28 CFR 513.61 refers to Section 27 of this Program Statement.
The Inmate Activity Record refers to form BP-381.

13. [**INMATE ACCESS TO INMATE CENTRAL FILE IN CONNECTION WITH PAROLE HEARINGS** § 513.41. A parole-eligible inmate (an inmate who is currently serving a sentence for an offense committed prior to November 1, 1987) may review disclosable portions of the Inmate Central File prior to the inmate's parole hearing, under the general procedures set forth in § 513.40. In addition, the following guidelines apply:]

**EXHIBIT 5**