UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                       )
BRANDON SAMPLE, *et al.*,              )
                                       )
            Plaintiffs,                )
                                       )
      v.                               )   Civil Action No. 06-0715  (PLF)
                                       )
FEDERAL BUREAU OF PRISONS,             )
                                       )
            Defendant.                 )
_____)


MEMORANDUM OPINION

Plaintiffs Brandon Sample and Bernard Shaw set forth their claims in three separate documents. The original Complaint includes Counts One through Eight. The Amended Complaint incorporates Counts One through Eight, adds Counts Nine through Thirteen, and adds the United States Department of State as a party defendant. The Second Amended Complaint adds Count Fourteen. "Plaintiff Shaw joins [plaintiff] Sample in only Counts One [through] Four of the [C]omplaint." Compl. at 2 n.2.

Because plaintiff "has elected to abandon his challenge to the BOP's policy concerning educational transfers," Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion for Summary Judgment [Dkt. # 79] at 8 n.5, Count Five will be dismissed. Count Nine is dismissed in light of the parties' settlement agreement. *See* Stipulation of Settlement and Dismissal [Dkt. # 51-52]. Plaintiff concedes that the State Department has fulfilled its obligations under the Freedom of Information Act,  Plaintiff[s'] Motion for Summary Judgment and Response to Defendant[s'] Motion to Dismiss or for Summary Judgment [Dkt. # 46] at 1,

thus resolving Count Ten.  Counts Eleven, Twelve, and Thirteen will be dismissed at plaintiff's request.  *See id.*; Plaintiff's Reply to Defendant's Response to Plaintiff's Reply to Their Motion for Summary Judgment [Dkt. # 87-2] at 3.

In Count Eight, plaintiff alleges that the BOP "does not comply with any of [the] provisions" of the Paperwork Reduction Act ("PRA"), *see* 44 U.S.C. § 3501 *et seq.*  Second Amd. Compl. ¶ 38.  Defendant argues that plaintiff does not have a private right of action under the PRA.  *See* Defendants' Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss Or Alternatively for Summary Judgment and Opposition to Plaintiff's Cross-Motion for Summary Judgment [Dkt. # 59] at 21.  Defendant's counsel represents that he has requested a statement from the Office of Management and Budget, the entity with PRA oversight responsibility, of its views on whether the BOP is exempt from the PRA.  *See* Status Report and Motion for Leave to File Notice of Clarification [Dkt. # 101] at 1-2.  In addition, counsel represents that "[t]he parties are . . . pursuing the possibility of settlement with respect to Count [Fourteen]."  *Id.* at 1.  Accordingly, the Court defers consideration of Counts Eight and Fourteen.

The last filing in this case, on July 3, 2008, is Plaintiffs' Second Unopposed Motion for an Enlargement of Time [Dkt. # 106] "to file a response/reply to the Defendants' March 24, 2008, filings."  *Id.* at 1.[1]  Plaintiff Sample represents that he and defendants' counsel had spoken on June 26, 2008, "regarding the possibility of the parties settling this matter."  *Id*.

---

[1] On March 24, 2008, defendants filed the following documents: Defendants' Cross-Motion for Summary Judgment on Count One of Plaintiff's Second Amended Complaint and Opposition to Plaintiffs' Amended Motion for Summary Judgment [Dkt. # 94-95], Defendants' Memorandum in Opposition to Plaintiffs' Motion for Leave to Conduct Discovery [Dkt. # 96], and Defendants' Response to Plaintiffs' Renewed Motion for Appointment of Counsel [Dkt. # 97].

He further reports that "[t]he parties are closer to reaching an agreement as a result of this conversation, but there are a couple small issues that still need to be worked out." *Id.*

Based on its review of the record and the parties' representations, the Court will grant Plaintiffs' Second Unopposed Motion for an Enlargement of Time and will stay all proceedings in this case for a period of 90 days after the date of entry of the accompanying Order. At any time the parties may file either a Report to the Court on the status of their settlement negotiations or a Stipulation of Settlement and Dismissal as to some or all of the remaining counts.

An Order consistent with this Memorandum Opinion will be issued separately.[2]

/s/
PAUL L. FRIEDMAN
DATE: September 29, 2008                          United States District Judge

---

[2] The accompanying Order also will resolve other non-dispositive motions.